## Daniel G. Grimm v. The People.

*In criminal cases, co-defendant when competent witness.* Two of several defendants in an information, charging them jointly, were arraigned and plead not guilty. On the separate trial of one of these two, the other was offered as a witness in his behalf, but the Court ruled out the evidence. *Held,* that there was no error in the ruling of the Circuit Court; that the act of 1861 did not change the common law as to the incompetency of a co-defendant in a criminal case to be a witness in favor of the defendant.—*Pullen v. People,* 1 Doug. Mich. 48.

GRIMM v. THE PEOPLE.

The case of *Morissey et al. v. The People*, 11 *Mich.* 327, differed from the present one, in that in the former the wife of a co-defendant was offered as a witness, and the Court held that the statute expressly removed the common law disability arising from the *marital* relation; the object of the statute being, so far as it bore upon the question then presented, to place the husband or wife, with respect to competency, on the same footing as any other person not sustaining such relations to any of the parties; subject only to the qualifications in the 4th sec. of the act.

*Statement in criminal cases.* The privilege of making a statement in a criminal case is confined to the person on trial.

*Presence of the prisoner at the trial. What is necessary to appear on the record.* The record showed the prisoner's presence on the first day, and when the jury was impannelled and sworn; and at its close when the judgment was rendered; and that at the latter period, being asked whether he had anything to say why judgment should not be pronounced against him, he alleged no reason to the contrary. During all the intermediate days of the trial, the record merely shows the entry of continuances in the usual form, without referring to the presence or absence of the prisoner. *Held*, that this condition of the record is no ground of error; that the allegation of continuances indicates that it was with the incidents before described, of which the presence of the prisoner was one.

*Heard May 1st and 2d. Decided May 5th.*

An information was filed in the Court below, jointly charging Daniel G. Grimm, (the plaintiff in error), John Clark, Jack Brady, George McManus, and James Johnson, with the offense of burglary; that said Daniel G. Grimm elected to be tried separately, and a separate trial was awarded him; that on the 19th day of January last, this case for the trial of the said Grimm came on to be tried, by a jury; that evidence was introduced on the part of the people, tending to show the guilt of said Grimm; that said Grimm called and offered said John Clark, a co-defendant, as a witness on his part and behalf; that the court refused to allow the said Clark to be so used as a witness; that to said refusal exception was duly taken by said Grimm; that said Grimm then offered said Clark for the purpose of having him, Clark, make a statement on the part of him, Grimm, and with like result, and that the trial resulted in the conviction of said Grimm.

*Larned & Hebden, H. M. Cheever* and *O. F. Wisner*, for plaintiffs in error.

1. At common law a co-defendant, jointly indicted, could not be examined as a witness for the defense until either

acquitted or convicted; but we submit that by the statute of 1861 this disability is removed. The language of the act is — "No person shall be excluded from giving evidence in any matter, civil or criminal, by reason of crime, or for any interest of such person in the matter, suit or proceeding, in which such testimony shall be offered, etc."— *Sess. L.* 1861, *p.* 168; 2 *Comp. L.* §§ 4339–4340; 11 *Mich.* 327; 13 *Id.* 511.

Under statutes and codes somewhat similar to ours, it has been held that the common law disability was removed, and that a co-defendant was competent as a witness for the defense when tried separately. — 10 *Grat.* 708; 15 *Ind.* 249; 1 *Geo.* 610; 10 *Iowa*, 81; 5 *Cal.* 183.

The policy of our statute is to abolish all objection to the admissibility of witnesses, and to refer the question of their credibility to the jury. The only limitation to this in criminal cases, as recognized in *People v. Thomas*, 9 *Mich.*, seems to be a limitation based upon the inability of the Legislature to make a defendant a witness in his own behalf, on account of the Constitutional prohibition against such a privilege. With this exception, the intention of the Legislature in the act of 1861 seems to have been to abolish all disability.

2. But this limitation does not apply to the question of the right of a respondent to make a "statement." The act expressly gives this right to him in his own behalf. There certainly can be no reason or justice in compelling him to remain silent when a co-defendant asks for such a "statement."

3. It does not appear from the record that the defendant on trial was present from the 17th to the 20th day of January, or when the verdict was rendered, although the trial was proceeding during the whole time. In cases of felony, we submit, a defendant must be present. There can be no doubt on this point, and we cite no authorities. The prisoner must be present when the verdict is received, that he may have the jury polled if he chooses to do so. — 11 *Ohio*, 472.

*A. Williams, Attorney General,* for the people.

1. According to the common law practice, a co-defendant in a criminal case cannot be a witness for and on behalf of one jointly indicted with him; and this, though the defendant offered as a witness be not on trial with him at the time.— *Roscoe's Crim. Ev.* 153–4–5; 1 *Greenl. Ev.* §§ 358, 363, 379; 1 *Denis C. C.* 84; 10 *Pick.* 57; 10 *Johns.* 95; 5 *Esp.* 154.

2. Act No. 125 of the Laws of 1861 of this State, in no wise changes the foregoing rules of evidence. At most, it provides for the testifying of parties in civil suits; and for the party or parties accused in criminal cases, "to make a statement to the Court or jury," when on trial, in his or their own behalf.—2 *Comp. L.* §§ 4339–4342; *Act No.* 125, *p.* 168, *Laws of* 1861; 9 *Mich.* 314.

3. Public policy could tolerate no other construction than the foregoing. To hold otherwise would be to incite and reward perjury, and facilitate the escape of the guilty from the just penalties of the law. And courts will not construe a statute against the plain and obvious dictates of reason, (7 *Johns.* 502); or so as to suffer it to be eluded, (15 *Id.* 381); or defeat its purposes, (9 *Wheat.* 81).

*M. E. Crofoot,* also for the people.

1. A co-defendant in a criminal case, named as such in the record, and an accomplice in the crime, before disposition of the case as to him, is an incompetent witness for the defendant on trial.

If competent at all, it must be by force of the statute of 1861. —*Sess. L. p.* 168–169; 10 *Johns,* 95; 19 *Wen.* 377; 19 *Miss.* 674; 17 *Ark.* 327; 10 *Pick.* 57; 2 *Va.* 314; 15 *Miss.* 28; *Yerger,* (*Tenn.*) 431; 1 *Minn.* 207; 4 *Id.* 438–449; 7 *Iowa* (*Clarke*) 347–349–383; 1 *Doug.* (*Mich.*) 48.

The admissibility of Clark's testimony can only be claimed under the second section of the act of 1861.

This section has received a construction from this Court, and

in permitting parties to be sworn, has been held to apply to civil cases only.—9 *Mich.* 314–315.

The reasons given for the rule which excludes the testimony of accomplices for their co-defendant is the same as that given for the rule excluding other parties to the record, viz: — 1st. Interest in the event.    2d. Public policy. — 1 *Phil. Ev.* 36; 1 *Wend.* 110–124; 1 *Green. Ev.* § 354; 1 *Phil. Ev.* 105–106–107 *and notes.*

Another consideration should be suggested, which is of great weight: and that is the practice under the statute.

Our act took effect 11th March, 1861, and ever since then the practice at the Circuits has been uniform in holding such co-defendant an incompetent witness.    More than five years of practice has upheld the old rule under this act; and it would be impolitic to overturn it, unless it clearly appears that the Legislature intended to change the rule.

2. The second error assigned is, "that the Court erred in refusing to allow John Clark to make a statement for and on behalf of said Daniel G. Grimm."

The bill of exceptions shows that the prisoner, (Grimm,) on trial requested that John Clark make a statement to the jury for and on his behalf; there was no offer or claim that he should be permitted to make a statement on his own behalf.

The statement referred to in the section, clearly refers to the statement of the prisoner on trial.    The object of it is to give the prisoner on trial the privilege of making a statement in his own behalf in relation to the charge against him. — 9 *Mich.* 314–316–317; 13 *Id.* 355–511.

3. There is no allegation or pretense that the prisoner was not present during all that time: only that it does not appear of record.    The respondents, Grimm and Clark, were arraigned at the bar in open court, and plead to the information.

CHRISTIANCY J.

The information was against Grimm, the plaintiff in error, John Clark, and three others, charging all jointly with the

crime of burglary. Grimm and Clark were arraigned upon the information, and pleaded not guilty. Grimm was tried separately, and upon his trial called Clark, his co-defendant, who had not yet been tried, (and who therefore remained subject to trial upon the same information,) and offered to have him sworn as a witness in his behalf. This request was refused by the Court, and exception taken; and upon this arises the main question in the cause.

In *Pullen v. The People,* 1 *Doug.* (*Mich.*) 48, it was held that a husband whose wife was jointly indicted with another person, and neither acquitted or convicted, was not a competent witness for the other defendant, though the latter alone was on trial. This decision was based upon the express ground that one of two defendants, jointly charged in the same indictment, cannot, before conviction or acquittal, be a witness for the other, though the latter be separately tried. This case settled the law in this state, (if not previously settled,) in accordance with the overwhelming weight of authority at common law, both in England and the United States. And this must still continue to govern us unless the law upon this point has in some way been changed by the act of 1861, (*Sess. L.* 168–169,) amending certain sections of the Compiled Laws in relation to evidence. But it is insisted by the counsel for the plaintiff in error that this act has the effect to render a defendant, not put upon trial, a competent witness for his co-defendant, when separately tried; and he refers to the recent cases of *Morissey et al. v. The People,* 11 *Mich.* 327; and *Annis v. People,* 13 *Id.* 511, as tending to sustain this view of the statute. The latter case has no reference to the statute, nor any bearing, that we can discover, upon the point now under discussion. Separate informations were filed against the defendants; they were not jointly charged, nor parties to the same record; and we held in accordance with the uniform rule of the common law, that one, though not yet tried, might be a witness *against* the other. There was no question in that case whether one could be a witness *for* the other in any case. And it is hardly necessary

14 MICH.—20.

to remark that in criminal prosecutions, the considerations which render a party a competent witness *against* a prisoner have very little bearing upon the question of his competency to testify in his *favor*.

In the case of Morissey and others, we held that, under this statute, the wife of a defendant in a criminal case is a competent witness for a co-defendant of her husband, jointly charged and on trial with him; and it is insisted that the same construction of the statute would allow Clark to testify for his co-defendant in the present case. We are unable to see how such a consequence can be drawn from that decision. That case did not raise the question of the competency of parties to testify in any respect. So far as it relates to the question of competency it was confined to the *marital relation*, and the question, whether the statute had removed the *incompetency* springing from that *relation*. And we held that the provision of the statute declaring that "no person shall be excluded from giving evidence in any matter civil or criminal * * * by reason of marital or other relationship to any party thereto," expressly removed the incompetency growing out of that relation. The object of the statute, so far as it bore upon the question there presented, was to place the husband or wife, with respect to competency, on the same footing as any other person not sustaining such relations to any of the parties, subject only to the qualifications mentioned in the 4th section of the act, (4342 as amended.)

But the grounds of excluding a party jointly charged in the same indictment from being a witness before conviction or acquittal for his co-defendant, at common law, are quite different from those excluding the husband or wife of a party. The reasons for the exclusion in the first case are, (among others), 1st, — That if a party jointly charged were allowed to testify for the other, both would be likely to escape conviction by perjury, for which the greatest possible temptation would thus be offered; and 2ndly, — As the party, if thus allowed to tes-

tify, could not be compelled to answer any question which might tend to criminate himself, the substantial benefit of a cross-examination would be lost; and the witness being thus allowed to state those facts which might tend to aid the prisoner and screen himself, and to withhold those which would tend to the conviction of either, his testimony would be likely rather to conceal and pervert, than to elicit the truth.

The common law reasons for the incompetency of husband and wife were in part, their legal identity of person and interest, but principally, as a question of social policy to preserve domestic quiet, and the peace and harmony of families. This common law disability growing out of the marital relation has, (subject to certain specified qualifications,) been removed by the statute. But we are unable to discover any indication in the statute of an intention to remove the common law disability of joint defendants, parties to the same record, whether both or only one be on trial; and at common law as we have seen, the question is the same, whether tried together or separately. This statute does not allude to the subject of joint or separate trials, nor attempt to establish different rules in the two cases.

We held in *People v. Thomas,* 9 *Mich.* 314, that the intention of this statute of 1861, was to render *parties* competent as witnesses in *civil cases only* — that this was obvious by a comparison of this amendatory act with the statutes as they previously existed, and that a party could not, under this act, be sworn as a witness, in his own behalf; but that his right was confined to making a statement without oath. We see no reason for doubting the correctness of that decision.

We are referred to *Lazier v. Commonwealth,* 10 *Grattan,* 708; *State v. Spencer,* 15 *Ind.* 249; *State v. Nash.* 10 *Iowa,* 81; *and Jones v. State,* 1 *Geo.* 610, as tending to show the competency of the co-defendant in this case. But the first three cases were decided upon statutes essentially different from ours; and the last case so far as it may rest upon the common law, at least, is opposed to the great weight of authority.

We think the statute has left the question now before us as it stood at common law; and in this view the testimony of Clark was clearly inadmissible.

The plantiff in error also requested that Clark might be allowed to make a statement in his behalf to the jury, and the refusal of the Court to grant this request is assigned for error. But this point was, as we think, very properly abandoned by his counsel upon the argument. It is quite evident that this privilege is, by the statute, confined to the prisoner on trial.

The only remaining assignment of error is, that it does not appear on the record, that the prisoner was present in Court after the first day of the trial, until its close, (the trial having been continued from day to day for several days).

The record shows his presence on the first day, and when the jury were impannelled and sworn; and at its close when the judgment was rendered; and that at the latter period, being asked whether he had anything to say why judgment should not be pronounced against him, he alleged no reason to the contrary. During all the intermediate days of the trial, the record merely shows the entry of continuances in the usual form, without referring to the presence or absence of the prisoner.

We concur entirely with the New York Court of Appeals in *Stephens v. The People*, (19 *N. Y.* 549,) that this condition of the record is no ground of error; that the allegation of continuances indicates that it was with the incidents before described, of which the presence of the prisoner was one — and this is all which is usually stated in such cases.

But it is quite apparent that there is no ground for suspecting the prisoner's absence during any part of the trial in this case. A motion was made for a new trial upon four distinct grounds, of which the absence of the prisoner is not mentioned as one — an omission not likely to have occurred had he been absent during any part of the trial.

TAFF v. HOSMER.

The record discloses no error in the proceedings or judgment of the Circuit Court. The judgment must therefore be affirmed.

The other Justices concurred.

NOTE.—The provisions of the Compiled Laws as amended by the Acts of 1861, (*Sess. Laws, p.* 168,) referred to by the Court in the foregoing opinion, are as follows:

Sec. 4339.—No person shall be excluded from giving evidence in any matter, civil or criminal, by reason of crime, or for any interest of such person in the matter, suit, or proceeding in question, or in the event of such matter, suit, or proceeding, in which such testimony may be offered, or by reason of marital or other relationship to any party thereto; but such interest, relationship, or conviction of crime, may be shown for the purpose of drawing in question the credibility of such witness, except as is hereinafter provided.

Sec. 4340.—On the trial of any issue joined, or any matter, suit or proceeding, in any Court, or on any inquiry arising in any suit or proceeding in any Court, or before any officer or person having, by law, or by consent of parties, authority to hear, receive and examine evidence, the parties to any such suit or proceeding named in the record, and persons for whose benefit such suit or proceeding is prosecuted or defended, may be witnesses therein in their own behalf or otherwise, in the same manner as other witnesses, except as hereinafter otherwise provided; and the deposition of any such party or person may be taken and used in evidence under the rules and statutes governing depositions, and any such party or person may be proceeded against, and compelled to attend and testify, as is provided by law for other witnesses. Nothing in this act shall be construed as giving the right to compel a defendant in criminal cases to testify, but any such defendant shall be at liberty to make a statement to the Court or jury, and may be cross-examined upon any such statement.

Sec. 4342.—A husband shall not be examined as a witness for or against his wife, without her consent, nor a wife for or against her husband, without his consent; nor shall either, during the marriage or afterwards, be, without the consent of both, examined as to any communication made by one to the other during the marriage; but in any action or proceedings instituted by the husband or wife in consequence of adultery, the husband and wife shall not be competent to testify.