# STATE OF OREGON *v.* DRAKE.

AT COMMON LAW, the object of a bill of exceptions was to bring into the record matter which would not otherwise appear in the record, to lay the foundation for proceedings in error.

THE OBJECT of a bill of exceptions, under the code, is to subserve the same purpose, and to introduce matter which the record would not otherwise disclose, for the information of the court having cognizance of the cause in error.

IRRELEVANT language addressed to the jury, is no part of the record of that cause until made so by the bill of exceptions, under judicial order.

THE ACT of 1880, amendatory of sec. 166 of the criminal code, did not remove the disqualification as to co-defendants.

WHETHER a new trial will be granted on behalf of a defendant convicted in a criminal case, because a co-defendant, tried at the same time, and acquitted, is a material witness for the defense; not decided, but, conceding it to be a matter addressed the judicial discretion of the court, a proper case for the exercise of that discretion must be presented, and abuse of it shown.

APPEAL from Marion County.

*Tilmon Ford* and *Wm. Kaizer*, for appellant.

*W. H. Holmes* and *W. G. Piper*, for respondent.

By the Court, LORD, J.:

The defendant was jointly indicted with Mary E. Swartz, at the June term, 1884, of the circuit court for Marion county, for the crime of murder. A separate trial having been granted, the cause came on for trial at the time specified, and resulted in a verdict of guilty, as charged in the indictment. A motion for a new trial was interposed, supported by the affidavit of the defendant, which, after argument, was overruled, and the defendant, by his counsel, duly excepted thereto. From the order of the court, overruling this motion, the defendant appeals to this court, and assigns the following as grounds of error:

1st.   The court erred in allowing the attorney for the prosecution, against objection, to argue that because defendant was in the habit of carrying a pistol, showed that he was a bad man, and this habit of carrying a pistol was a circumstance indicating guilt.

2d.   The court erred in allowing the counsel for the prosecution, in his closing argument, to refer to what the newspapers said about crimes, against the objections of counsel.

3d.   The court erred in allowing the attorney for the prosecution, against the objection of defendant's counsel, as will fully appear by the affidavit hereto attached, and made a part hereof, to refer to and comment upon the Cincinnati riot, which he claimed was caused by the jury acquitting the defendant then on trial.

4th.   The court erred in allowing the attorney for the prosecution, in his closing argument, against objection of defendant's counsel, to intimate and argue that there would be riot here if the jury did not return a verdict of guilty against me.

5th.   Because the defendant can, if granted a new trial, prove by Mary E. Swartz, the co-defendant, who has, since defendant's trial, been acquitted, the facts as stated in the affidavit hereto attached, which said facts are material to defendant's defense; and defendant could not produce the said Mary E. Swartz as a witness in his behalf at said term, for the reason that she was then jointly indicted with this defendant.

As the first four assignments of error, so far as this case is concerned, involve a decision of the same question, they will be considered together.   And, substantially, that question is, whether the objections, or matters assigned as error, are presented by this record so as this court can take judicial cognizance of them.   Evidently, in the preparation of their

brief, counsel for the defendant treated the record as containing a bill of exceptions; but, in the oral argument, it was claimed that this ruling of the court upon the affidavit and motion, which were in writing and upon file in the court, being upon the record, it brought the matter within the provision of section 230 of the code of civil procedure, and rendered a bill of exceptions unnecessary to enable this court to review it. Originally, at common law, no matter could be assigned as error except such as appeared in the record; and as the parties were bound by it, as absolute verity, they were not allowed to impugn or contradict it by averment. The rulings of the court, in the progress of the trial—and often of vital importance as affecting the result—did not appear in the record, nor were there any means of introducing them into it, and the consequence was, that the party believing himself aggrieved was without remedy or redress. To obviate and remedy this defect, the statute Westm., 2, 13 Ed. I., ch. 31, was passed, which established in the practice what is now known as a bill of exceptions. Its object was to bring into the record the particular matter excepted to, and supposed to be error, and which the record otherwise would not disclose, to lay the foundation for proceedings in error. It was required, therefore, to be in writing, clearly stating the point wherein the court is supposed to have erred, with the necessary facts and circumstances; to attest the accuracy and authority of which, it must be signed and sealed by the judge who made the ruling, or decision. (Bacon's Abridg.; "Bill of Exceptions," 2 Chitty's Blackstone, 372; 1 Archbold's Nisi Prius, 43; *Huddleson* v. *State*, 7 Baxt., 56; *Berry* v. *Hale*, 1 How., [Miss.] 318; *Berly* v. *Taylor*, 5 Hill., 579; *Kitchell* v. *Berguin*, 21 Ill., 45.) It is not thought that chap. 2, title 7, p. 151, of exceptions, in our code, has innovated or affected, in any sub-

stantial particular, the practice as it existed at common law. The purposes and objects of a bill of exceptions, under the code, is to subserve the same end, and to introduce matter which the record would not otherwise disclose, for the information of the court having cognizance of the cause in error. Now it is perfectly clear that the matter alleged in the affidavit of the defendant could, in no way, constitute any part of the record, except through the instrumentality of a bill of exceptions. It is not intended, in such cases, that a party may make a statement in writing of what he conceives to be his grievances, and by swearing to it and filing it, and then moving for a new trial, and the court overrules the motion, he has incorporated the matter into the record so as to make it a part thereof and to enable this court to review it. If this can be done, the statement of exception provided by the code, to be settled, signed and allowed by the court before whom the cause was tried, to bring such matter into the record, and lay the foundation for appellate review, becomes a useless and meaningless thing. The whole business may be accomplished without the aid of the court, and untrammeled by its authority. It has always been supposed that the record of a court is made up under the solemn sanction of the court, and to make exceptional matters, occurring during the progress of the trial, a part of that record, it must be so ordered by the court. Irrelevant language, addressed to the jury, is no part of the record of that cause until made so by bill of exceptions, under judicial order. But when made so, and properly before us, we have not failed to condemn it, when its harmful results were manifest. (*Tenny* v. *Mulvaney*, 8 Or., 520.) But, without putting such matter in a bill of exceptions, and authenticating it in the manner required by law, the court cannot receive it, because there is no legal evidence

before the court that it contains a correct record of the proceedings. (*Edwards* v. *Kearney*, 13 Neb., 532.)

The next assignment of error is the overruling of the defendant's motion for a new trial, because, if granted, the defendant would be able to prove, by Mary E. Swartz, a codefendant, who, since the trial of the defendant, has been acquitted, the facts as stated in his affidavit, which facts are claimed to be material to his defense; and that he could not produce the said Mary E. Swartz as a witness in his behalf at said trial, for the reason that she was then jointly indicted with him. It is manifest, from the statement of this objection, that counsel for the defendant did not construe the act to amend section 166, title 1, of chapter 16, of the criminal code, as affecting the disqualification of a codefendant, or they would undoubtedly have availed themselves of this privilege in behalf of the defendant, at his trial. It is, however, insisted by counsel for the state, that the effect of the amendatory act was to remove the disqualification which previously existed, and render a co-defendant a competent witness, and that the failure to call such witness to testify, for the reason of the supposed incompetency, cannot avail upon this motion. We are of the opinion that the amendatory act did not affect the law in respect to co-defendants, and that this is clear from its scope and purpose. Section 166 of the criminal code provides that: "A defendant in a criminal action or proceeding cannot be a witness for or against himself, nor for or against his co-defendant, except as provided in sections 162 and 163." Sec. 162 provides: "When two or more persons are charged in the same indictment, the court may, at any time before the defendant has gone into his defense, on the application of the district attorney, direct any defendant to be discharged from the indictment, so that he may be a witness for the state;"

and sec. 163: "When two or more persons are charged in the same indictment, and the court is of the opinion that, in regard to a particular defendant, there is not sufficient evidence to put him on his defense, it must, if requested by another defendant then on trial, order him to be discharged from the indictment, before the evidence is closed, that he may be a witness for his co-defendant." But, by the act to amend sec. 166, session laws, 1880, p. 28, it was provided that: "In the trial of, or examination upon, all indictments, complaints, information and other proceedings, before any court, magistrate, jury, grand jury, or other tribunal, against persons accused or charged with the commission of crimes or offenses, the person so charged or accused, shall, at his own request, but not otherwise, be deemed a competent witness, the credit to be given to his testimony being left solely to the jury, or to the discrimination of the magistrate, grand jury or other tribunal, before which such testimony may be given; *provided*, his waiver of said right shall not create any presumption against him; that such defendant, or accused, when offering his testimony as a witness in his own behalf, shall be deemed to have given the prosecution a right to cross-examination upon all facts to which he has testified, tending to his conviction or acquittal." The effect of this amendment was only to remove the disqualification of the person charged and on trial, and to make him, at his own request, but not otherwise, a competent witness. There is no reference, whatever, to co-defendants not on trial, and to whom, from the language employed, it can be made to apply. Under a statute of somewhat similar import, in *State* v. *Dee*, 14 Minn., 42, the court say: "The language, 'shall at *his* request, but not otherwise, be deemed a competent witness,' can hardly apply to a co-defendant not on trial. A co-defendant not on trial, having

no interest in the separate trial of his co-defendant, is not to be presumed to be in court. He may, and, in many cases, must, be in jail. What object could he have in requesting permission to testify, even if opportunity were given him? How does he acquire a standing-place in court, from which to make the request? He is neither a party to the trial, nor the attorney of the party. This view is, we think, still further supported by the subsequent language of the amendment, which goes on to provide as follows: ' Nor shall the neglect or refusal to testify create any presumption against the defendant.' How is it possible that the *neglect* or *refusal* of co-defendant, not on trial, to testify, could create any such presumption, if such co-defendant is competent *only* upon his own request?"

It is hardly necessary for us to add anything by way of comment. We are satisfied that the amendment cited did not affect the disqualification of co-defendant, not on trial, as a witness. He remains, under the code as at common law, in a criminal case, incompetent to testify for and on behalf of one jointly indicted with him; and this, though the defendant offered as a witness be not on trial with him at the time. (Wharton's Criminal Ev., sec. 455, and cases cited; 1 Greenl. Ev., 358, 363, 379; Briscoe's Crim. Ev., 153-4-5; *Commonwealth* v. *Marsh*, 10 Pick., 57; *Stout* v. *Corn*, 74 Penn. St., 458; *State* v. *Dumphey*, 4 Minn., 438.) The reasons for the rule is thus stated by Christiancy, J., in *Grimm* v. *The People*, 14 Mich., 306: "1st, That if the party jointly charged were allowed to testify for the other, both would be likely to escape conviction by perjury, for which the greatest possible temptation would thus be offered; and 2nd, As the party, if thus allowed to testify could not be compelled to answer any question which might tend to criminate himself, the substantial benefit of a cross-

examination would be lost; and the witness being thus allowed to state those facts which might tend to aid the prisoner and screen himself, and to withhold those which would lead to the conviction of either, his testimony would be likely rather to conceal and pervert, than to elicit the truth." But does the fact that since the defendant's trial the co-defendant has been acquitted and thereby become a competent witness, furnish a sufficient ground for a new trial? A new trial will not be granted for the purpose of enabling the applicant to use the testimony of one who was tried jointly with him, and acquitted. (3 Wharton's Crim. Law, sec. 3341, 3359, 3360; 1 Bishop on Crim. Procedure, sec. 1033.) In *The People* v. *Vermylea*, 7 Cow., 383, the court say: "Another ground is, the acquittal of Davis. He has become a competent witness in virtue of his acquittal; but the absence of all authority on the point, is a stronger argument against the sufficiency of this ground for granting a new trial. Such a rule would be highly inconvenient in practice." And in *Sawyer* v. *Merill*, 10 Pick., 18, the court say: "On general principles, the court doubt as a matter of policy and convenience an application like this ought to be granted. The petitioner would put it on the grounds of newly discovered evidence; but that is incorrect. It is the case of an incompetent witness having become competent. To grant the petition would be to make every case of a witness, becoming competent, a ground for a new trial. After a trial, it is generally easy to find some additional or cumulative evidence, but the rule is, that there shall not be a new trial, unless it is newly discovered evidence, and to some new point or ground of action or defense, to what the evidence given on the former trial did not apply." (*State* v. *Bear*, 36 N. H., 128.) The case before us is one of an incompetent witness having become competent, and the motion is

made, not on the ground of newly discovered evidence, but to obtain the evidence of an acquitted co-defendant whose evidence the defendant claims is important and now within his power to produce, but which the rules of law had put beyond his reach at his former trial. In *Lyles* v. *The State*, 41 Tex., 172, it was held that where there are two parties jointly indicted and tried, one of whom is acquitted and the other convicted, it is error in the court below to refuse a new trial to the party convicted, when his motion is sustained by the affidavit of the party acquitted to facts material to the defense, which, by reason of the joint trial, could not be used in evidence. In *Rich* v. *The State*, 1 Tex. Ct. App., 206, two defendants being jointly tried for murder, one was acquitted, but the other was convicted of murder in the second degree; whereupon the latter moved for a new trial on the ground that his acquitted co-defendant was a material witness on his behalf, and supported his motion with the witness' affidavit disclosing his presence at the re-encounter, and statements respecting it. And it was held that the witness was rendered competent by his acquittal, and no diligence could have procured his testimony prior thereto; wherefore, if his testimony was material to the defense, there may have been error in refusing a new trial. In *Williams* v. *The State*, 4 Tex. Ct. App., 5, it is held that when joint defendants swear, if one be convicted, and subsequently the other be acquitted, material testimony of the latter is cause for a new trial of the former. (*Hubener* v. *The State*, 3 Tex. Ct. App., 459.)

Under these authorities, it is immaterial whether the defendants be jointly or severally tried; if the evidence of the acquitted co-defendant is material it may furnish a ground for a new trial. But these cases show that the motion for the new trial must be sustained by the affidavit of the party

acquitted, to facts material to the defense, and which, as we understand it, would render a different result probable on a re-trial. If we were disposed to adopt the reasoning of these cases last cited, upon the facts to which they are applied, it could not avail the defendant upon this record. The motion is not supported by the affidavit of the acquitted co-defendant, nor are the facts which the defendant alleges he can prove by his acquitted co-defendant, of that character which would be considered material for his defense, or which would render a different result probable on a re-trial. These facts are, at best, cumulative, and would only serve to contradict the state's witness. As newly discovered evidence, such facts would be clearly insufficient, and to what other ground they might be assigned under the provisions of our code for a new trial, it is difficult to understand. In *Holcomb* v. *The State*, 8 Lea. [Tenn.], 426, the court say: "We find no authority holding that the one convicted is entitled to a new trial, as a matter of right, in order to have the benefit of the testimony of the one acquitted." At most, then, it can only be matter resting in judicial discretion, and that this court never reviews, except for abuse of that discretion.

Whether a new trial will be granted on behalf of a defendant convicted in a criminal case, because a co-defendant, tried at the same time, and acquitted, or, upon severance, subsequently tried and acquitted, is a material witness for the convicted defendant, it is not necessary for us to decide; but conceding, for the purposes of this case, that it would be a matter addressed to the sound judicial discretion of the court below, and, in a proper case, ought to be allowed, the record here does not show a case in which such discretion has been wrongfully exercised, and, therefore, the judgment must be affirmed. Judgment affirmed.