[Filed June 21, 1892.]

## A. E. EATON *v.* O. R. & N. CO.

APPEALS—BILLS OF EXCEPTIONS.—In formulating a bill of exceptions, it is necessary that the point of each exception be particularly stated; but it is contrary to the statute to state more of the evidence or other matter than is necessary to explain each exception.

Union county.   JAS. A. FEE, Judge.

Defendant appeals.   Affirmed.

*W. W. Cotton*, for Appellant.

*R. Eakin*, for Respondent.

BEAN, J.—This is an action to recover from the defendant seven hundred and ten dollars for certain stock alleged to have been killed by its trains, and for damages caused by fires alleged to have originated from sparks escaping from its engines.   The complaint contains six separate causes of action, three of which are for stock killed, and the remaining three for damages done by fire.   At the close of the plaintiff's testimony, the defendant moved for a nonsuit as to all the causes of action; and its motion was granted as to the sixth cause of action, and denied as to each of the others.   The jury found a verdict in favor of plaintiff for six hundred and ninety-three dollars and fifty cents, upon which judgment was entered, and the defendant appeals.

As appears from the brief of counsel for appellant, the errors relied on here, are, in overruling a motion for nonsuit; in the admission of a certain letter in evidence, and the giving of a certain instruction to the jury.   These assignments of error are claimed to be presented by what counsel terms a bill of exceptions, but which is nothing more or less than the whole testimony and proceedings of the trial as it took place extended from the stenographer's notes.   The testimony alone covers more than one hundred pages of type-written matter, the large proportion of which

XXII OR.—32.

has no relevancy or applicability to the question sought to be presented for our consideration. Scattered through this mass of testimony, are the objections of counsel, the rulings of the court, and the exceptions taken thereto. The whole proceedings of the trial have been certified here as a bill of exceptions, and we are expected to labor through this voluminous record, segregate and classify it, and out of it to construct a bill of exceptions, and then determine whether the assignments of error are well taken. This practice is in utter disregard of the plain provision of the civil code, which requires that the exception should be stated with so much of the evidence or other matter as may be necessary to explain it, and no more (section 232); and has repeatedly received the disapproval of this court. In *State* v. *Murray*, 11 Or. 414, Mr. Justice THAYER, speaking for the court, says: "Such a practice is not only unlawyer-like, but it is an imposition upon the court. * *. * It presents an unwieldy document, imposes a difficult labor upon this court, to search out and ascertain the points assigned as error, and creates an unnecessary expense. It is a shameful procedure, and the judges of the circuit courts should interfere and put a stop to such kind of practice." Again, in *Tucker* v. *S. F. M. Co.* 15 Or. 584, the same judge, in discussing a question sought to be raised by a bill of exceptions like the one in this case, said: "Whether the evidence sent up here in what counsel are pleased to term a bill of exceptions, will warrant such a conclusion or not, I shall never know; for I never intend to look into it to ascertain whether such is the fact or not. If counsel desire a review of such questions, they must prepare a bill of exceptions as provided in the civil code of the state. They have no right to throw together in a mass all the testimony given in the case as taken down and extended by a shorthand reporter, as has been done in this case, and bring it here and require this court to examine it, and find its conclusions of fact therefrom. No such practice should be toler-

ated by an appellate tribunal in a proceeding to review errors of law.  *  *  *  Many questions of law may involve an examination of the testimony given in a case, such as the overruling of a motion for a nonsuit; but ordinarily an exception requires a statement of a small portion of the evidence in order to explain it.  But the fault here referred to, is not that the objection constituting the exception is stated with more of the evidence than is necessary to explain it—the fact is, it is not stated at all.  The proceedings had at the trial, and the evidence taken, are marshalled and sent here for this court to examine and consider the various exceptions indicated therein."  Further on he says: "The statute clearly intends that a statement of the exception shall be made up, settled, allowed, and signed by the judge, and filed with the clerk, and thereafter it is deemed and taken as part of the record of the cause.  (Code, § 230.) No such labor-saving shift as that which seems to have been devised and adopted in this case can be countenanced.  It would lead to so loose a practice that counsel could not know nor courts determine what questions were involved or were to be decided."

In *Janeway* v. *Holston,* 19 Or. 98, STRAHAN, J., in speaking of a similar bill of exceptions, says: "The reporter's notes contain ample material from which a bill of exceptions might have been constructed; but the wildest liberty in the use of language cannot torture this writing into one. Section 230, Hill's Code, defines an exception, and section 231 points out the method of making the same a part of the record, so as to present a question for review in this court; and we have several times endeavored to point out the necessity of observing these provisions of the code in the preparation of a case on appeal.  If these provisions of law be utterly disregarded, there is nothing presented which we can properly examine."  And in *Fiore* v. *Ladd, ante,* 202, the court, in speaking of the practice of making a part of the bill of exceptions all the evidence given on the trial

when no questions are presented for review calling for an examination of the evidence, said: "This practice is in disregard of the plain provisions of the statute (Hill's Code, § 232), as well as all rules governing the preparation of bills of exceptions, is unnecessarily expensive to litigants, and imposes the arduous task upon this court of examining a vast amount of irrelevant and immaterial matter."

The provisions of our statute introduce no new rule in this matter, but are merely declaratory of the law as it already existed. In *Pennock* v. *Dialogue*, 2 Pet. 15, Mr. Justice Story condemns the irregularity, inconvenience, and expense of putting the entire evidence of a case into the bill of exceptions, and expressed the regret of the court that such a practice should prevail. In *Zeller* v. *Eckert*, 4 How. 297, Mr. Justice Nelson said: "This mode of making up the error books is exceedingly inconvenient and embarrassing to the court, and is a departure from familiar and established practice. Only so much of the evidence given on the trial as may be necessary to present the legal questions thus raised and noted, should be carried into the bill of exceptions. All beyond, serves only to encumber and confuse the record and to perplex and embarrass both court and counsel." In *Johnston* v. *Jones*, 1 Black, 220, Mr. Justice Swayne, in speaking of this practice, said: "The court desires to put on record again its condemnation of this irregularity, and to express the hope that a better practice may prevail hereafter in all cases intended to be brought before this court for revision." Again, in *Lincoln* v. *Claflin*, 7 Wall. 136, Mr. Justice Field, in delivering the opinion of the court, uses this language: "A bill of exceptions should only present the rulings of the court upon some matter of law, as upon the admission or exclusion of evidence, and should contain only so much of the testimony, or such a statement of the proofs made or offered, as may be necessary to explain the bearings of the rulings upon the issues involved. If the facts upon which the rulings were made

are admitted, the bill should state them briefly, as the result of the testimony; if the facts are disputed, it will be sufficient if the bill allege that testimony was produced tending to prove. If a defect in the proofs is the ground of the exception, such defect should be mentioned without a detail of the testimony. Indeed, it can seldom be necessary for the just determination of any question raised at the trial to set forth the entire evidence given; and the practice in some districts—quite common of late—of sending up to this court bills made up in this way,—filled with superfluous and irrelevant matter,—must be condemned."

The object of a bill of exceptions is to bring into the record the particular matter excepted to, and which the record would otherwise not disclose. It should, therefore, be drawn up concisely, but as explicitly as possible, with a view to stating all the facts and circumstances necessary to the statement of the point of law intended to be raised. (*State* v. *Drake*, 11 Or. 396; Powers, App. Pro. 225; Green, Pleading & Practice, § 1140.) The object is to present the naked legal question; and only such facts as are necessary to explain its relevancy to the particular case should be stated. With such a record, it is only necessary for this court to consider and determine the question of law presented, and not be compelled to labor through a voluminous record to ascertain the facts upon which the question is based, and having done so, to be met with a petition for rehearing, as is not unfrequently the case, in which the legal conclusions are not controverted, but "respectfully but earnestly insisting that the court is mistaken as to the facts." If counsel desire the entire proceedings of the trial to be made a part of the record, there perhaps can be no objection; but ordinarily it should be attached to and made a part of the bill of exceptions as an exhibit, or in some other appropriate way, and not massed together, entitled a bill of exceptions, and certified here for us to examine, and ascertain whether the trial court erred. Cases may and

often do arise in which it is necessary for this court to examine the evidence upon the entire case, or upon some particular point. In such cases, the bill of exceptions must, of course, contain the evidence; but there should be embodied in it only the evidence bearing upon the particular point presented. We do not desire or intend to enforce any technical or refined rule in this matter; and when the question sought to be presented is clearly stated and readily understood, we shall examine and decide it, although the record may contain much irrelevant and immaterial matter. But where, as in this case, the questions of law depend entirely upon facts which are in dispute between counsel, we cannot be expected to examine the entire record of the trial, separate the material from the immaterial matter, and undertake to decide with whom the facts are. It was the duty of counsel, in the preparation of the bill of exceptions, to have segregated the evidence, and brought here only such as is applicable to the point raised, and then we could have determined the question intelligently. If the practice adopted in this case is to prevail, the statute becomes meaningless, and the office of a bill of exceptions entirely abrogated; and it is only necessary in all cases to embody in the record a copy of the stenographic report of the trial as and for a bill of exceptions. Such a labor-saving process cannot receive the approval of this court.

This case is an apt illustration of the vice of such a practice. In support of the motion for a nonsuit, it is contended that no evidence was introduced on the trial tending to prove ownership or operation by the defendant of the railroad mentioned in the complaint, or the engines or cars used thereon. In place of this point being stated, with only the facts or evidence bearing upon it, if any, and if not, a statement to that effect, the record contains, embodied in the bill of exceptions, the whole of the evidence as given at the trial upon all the issues, including not

only the evidence upon the five causes of action submitted to the jury, but also upon the one to which the court sustained the motion for a nonsuit.

The objection urged to the instruction is that "it omitted any reference to the contributory negligence of the plaintiff, or his servants, as to the fire mentioned in the fifth cause of action, as clearly shown to exist by the evidence." Here, again, the facts, if any, tending to show contributory negligence, are not stated, nor is the evidence upon this question separated or segregated from the mass of testimony, but we are expected to hunt through the entire record of a long and protracted trial to see whether there is any such evidence. So also in relation to the letter of Mr. Smith, admitted in evidence, the objections are, (1) it does not relate to the fire mentioned in the complaint; (2) there is no evidence that Smith was an agent of the defendant; and (3) if he was an agent of the defendant, there is no evidence that he was authorized to make the admission said to be contained in the letter.

It will thus be observed that all the questions sought to be presented on this appeal depend largely upon questions of fact, or inferences to be drawn from certain portions of the testimony. The point of each exception should have been particularly stated, complete within itself, accompanied with so much of the evidence or other matter, necessary to explain it, and no more, and not all thrown together in one indiscriminate mass, as was done in this case. We conclude, therefore, that the bill of exceptions presents no question for our consideration, and the judgment must be affirmed.

We reach this conclusion with less reluctance, because no substantial injustice seems to have been done the defendant in the trial; and objection was taken in the court below to the form of the bill of exceptions, and a protest there made by plaintiff's counsel to its allowance by the trial judge in the form presented.