Bromwell, J.
Heard on demurrer to indictment.
At the October Term, 1906, the grand jury of Hamilton county duly indicted the defendant, Mackelfresh, as principal, and the other defendants as aiders and abettors, for the violation of law in that — •
“from the 15th day of April, 1905, up to and including the 15th day of April, 1906, the said Mackelfresh, at the township of Millcreek in said county of Hamilton, being then and there one of the duly elected, qualified and acting justices of the peace in and for said township in the county aforesaid, with force and arms, at the county of Hamilton aforesaid did knowingly and corruptly engage in a certain business which by reason of said Mackelfresh’s said office of justice of the peace as aforesaid, he ivas prohibited from doing, to-wit: a. collection agency, then and there conducted by him, the said Mackelfresh, justice of the peace as aforesaid, in connection with his, Mackelfresh’s, said office of justice of the peace as aforesaid, in the form ancl manner following:” (here follows a detailed statement of the method in which the said collection agency was carried on).
*44 A motion to quash said indictment having been overruled, a demurrer was filed by the defendants on the ground that said indictment did not sufficient^ charge any offense against the law of Ohio.
The indictment is drawn under Section 6909 of the Revised Statutes, the provisions' of which, so far as they apply to the present ease, are as follows:
“6909. An officer under the Constitution or laws of this state who knowingly * * * engages in or suffers others in his employ to engage in* any business which by reason of his office he is prohibited from doing, shall be fined,” etc.
The question then resolves itself to this: admitting that defendant, Mackelfresh, while serving as justice of the peace, engaged in the business of a collection agency, as set forth in the indictment, was such business one that by reason of his office of justice of peace, he was “prohibited from doing?”
The state claims that such business is prohibited by Sections 3 and 621c of the statutes. The defendant denies that there is any such prohibition in any statute of the state.
It is conceded by both the prosecutor and the attorney for defendant that we have no common law offenses in this state, but that every punishable offense must grow out of positive statutory enactment. See Mitchell v. State, 42 O. S., 383-385; Smith v. State, 12 O. S., 466-469; Johnson v. State, 66 O. S., 59-65; Sutcliff v. State, 18 O., 469-477; VanValkenburg v. State, 11 O., 405.
It is also a well established principle ■ of criminal law that any criminal statute must be construed strictly and that the indictment must clearly conform to the meaning and intent of the statute and in some cases to its exact language. VanValkenburg v. State, 11 O., 405; Schultz v. Cambridge, 38 O. S., 659.
In the first of the above last cited cases the court says:
“The rules of criminal pleading require the offense to be set out substantially in the words of the statute. The statute contains a definition of the offense. ’ ’
In the case of Schultz v. Cambridge, supra, the court uses this language:
*45 “Where an act is made punishable by fine and imprisonment, the words in which the offense is defined and the punishment prescribed must be strictly construed,” etc.
Still stronger is the language of the court in the case of Johnson v. The State, 66 O. S., 59. This was a case where a bicycle rider, while riding recklessly in the street, had run down and killed a person, there being no statute of the state nor ordinance or other regulation of the town in which the accident occurred, making careless or rapid riding on the street an offense. The rider was indicted for manslaughter; but the court said:
‘ ‘ In the prosecution for manslaughter wherein the state relies for conviction on the ground that the deceased was killed unintentionally while the slayer was in the commission of an unlawful act, it must be shown that the alleged unlawful act is prohibited by law, and it is not sufficient to establish that such act is so angaged in was a crime at common law, or one of gross and culpable negligence.”
So also in the case of Smith v. The State, 12 O. S., 466, the language of the court was:
“ It must be borne in mind that we have no common law offenses in this state. No act or omission, however hurtful or immoral in its tendencies, is punishable as a crime in Ohio unless such act or omission is specially enjoined or prohibited by i%e statute Daws of the state. It is, therefore, idle to speculate on the injurious consequences of permitting such conduct to go unpunished, or to regret that our criminal code had not the expansiveness of the common law. ’ ’
The argument of the prosecutor is briefly as follows:
1. Article XV, Section 7, of the Constitution of Ohio, provides that — ■
“Every person, chosen or appointed to any office under this state, before entering upon the discharge of its duties, shall take an oath or affirmation to support the Constitution of the United States and of this state and also an oath of office.”
A similar provision is contained in Section 2 of the 'Revised Statutes.
*46 2. Section 3 of the statutes sets forth the form of the oath to be taken by a judge of a court of record in the following language:
“The oath of office of each judge of a court of record shall be, to support the Constitution of the United States and the Constitution of this state, and to administer justice without respect to persons, and faithfully and impartially to discharge and perform all the duties incumbent upon him as such judge, according to the best of his ability and understanding,” etc.
3. That a justice of the peace is a court of record and is required to take the oath prescribed in said Section 3.
4. That it is a legal and moral impossibility for a justice of the peace, consistently with said oath, to engage in such a collection business as is averred in the indictment and that his engaging in such business is a violation of his oath, which brings it within the prohibition of Section 6909 under which the indictment is drawn.
5. Thai even if the terms of his oath of office do not prohibit a justice of the peace from engaging in a collection business, nevertheless he is amenable to the provisions of Section 621e which reads as follows:
“It shall be unlawful for said justice of the peace or said clerk or his deputy or deputies to act as counsel, agent or attorney for any party in wn/y matter, suit or proceeding in-said courts.”
Considering these propositions in their order, there is no question as to the requirement that a justice of the peace must take an oath of office, in accordance with the constitutional provision and the statute cited above. It may also be admitted that the justice’s court is a court of record, and that the form of oath prescribed by Section 3 is the one he is reqtdred to take before entering upon his office and that defendant, Mackelfresh, had duly taken'such oath. The court is unable to find any language in said oath that so clearly and directly prohibits the defendant from engaging in the collection business as would make his doing so a crime.
*47 The other section relied upon by the prosecutor, i. e., 621e, we have examined carefully and are satisfied it has no bearing upon the question before us.
Section 621 is a general section devoted to prescribing the fees of justices for the various services they are required to perform. It is not limited to any county, but is general throughout the state. It, with the exception of' its supplementary and amendatory sections, is the last section of the general chapter 9 under title IV devoted to the laws applicable to justices of the peace.
Sections 621-1 to 621-31 form a special act applicable to Toledo only.
Sections 621a and 6215 are special laws relating to Cleveland and Cincinnati. Sections 621c and 621c? are special laws relating to Columbus.
The first time Section 621c appears is in 93 O. L., 417, where the language was:
“Section 621 e. It shall be unlawful for said justices of the peace oh said clerk or his deputy or deputies to act as counsel, agent or attorney for any party in any matter, suit or proceeding within the jurisdiction of said courts. A violation of this provision shall be deemed misconduct and shall be sufficient cause for removal from office of the party so violating. ’ ’
The section just quoted was contained in an act “to amend Sections 621c and 621c? and to supplement Section 621 of the Revised Statutes. Sections 621c and 621c? apply only to Columbus, and as Section 621c is amendatory to these sections it also would be construed as applying only to that city. This presumption is sustained in the language of Section 621e itself. It refers to said clerk or his deputy or deputies and to suits or proceedings within the jurisdiction of said courts. The clerk, deputies and courts so referred to are provided for by Sections 621c and 621c? and are not mentioned in Section 621 itself. The contention of the prosecutor that Section 621e is of a general nature can not be sustained and in the opinion of the court its provisions are limited to Columbus alone, and have no authority in this county.
Rulison, Morris, Sawyer & Rose, for the state.
Thomas H. Darby, contra.
We may say, in. passing, that the very fact that it was thought necessary in drafting this legislation for Columbus, to insert a separate section, 623 e, to specifically prohibit a justice of the peace from acting as an agent for any party in his court, would raise a strong presumption that the Legislature recognized the fact that .engaging in a business which was prohibited by the office of justice of the peace could only be prevented and punished by plainly enacting that such business should be a violation of law, as was done in Section 621e.
The court has endeavored diligently, but in vain, to find in the statutes any prohibition of the business of a collection agency carried on by a justice of the peace. The carrying on of such a business and with the details set forth in the indictment may result in great abuse and tend to partiality, unfairness and oppression. It may lower the dignity of the justice’s court by such methods as it is alleged were pursued by the defendant and his subordinates. It may be contrary to ethics and decency, but so long as the Legislature has not prohibited such action by a positive enactment of law, it is not in the power of the prosecutor to reach such cases by indictment and it is not within the province of the court to say that such acts are in violation of law.
The demurrer will, therefore, be sustained.