Argued May 6, decided July 20, rehearing denied September 21, 1909.

## BIGELOW *v.* COLUMBIA GOLD MINING CO.

[103 Pac. 56; 103 Pac. 1007.]

APPEAL AND ERROR—SUFFICIENCY OF BILL OF EXCEPTIONS.

1. Under Section 171, B. & C. Comp., providing that "the objection shall be stated with so much of the evidence or other matter as is necessary to explain it, but no more," a bill of exceptions which consists only of the entire transcript of the stenographer's notes taken at the trial is sufficient to bring up for consideration the assignment of error that the court erred in denying defendant's motion for a nonsuit, and that it erred in refusing a motion for a directed verdict for defendants, as consideration of those assignments requires that the bill contain all the evidence before the court at the time the motion was made, but the bill is not sufficient to present other assignments of error.

MASTER AND SERVANT — ACTIONS FOR INJURIES — SUFFICIENCY OF EVIDENCE—NEGLIGENCE.

2. Evidence, in an action against a master to recover for injuries to a servant, *held* to make the question of defendant's negligence and whether plaintiff assumed the risk incident to machinery around which he was working, for the jury.

MASTER AND SERVANT — ACTIONS FOR INJURIES — SUFFICIENCY OF EVIDENCE—CONTRIBUTORY NEGLIGENCE.

3. Evidence, in an action against a master for injuries to a servant, *held* sufficient to make the question of contributory negligence for the jury.

PLEADING—ISSUES AND PROOF—MATTERS TO BE PROVED—ADMISSIONS.

4. In an action against a master for injuries to a servant, the complaint alleged that plaintiff was caught upon a revolving shaft by a set screw, and the answer alleged that plaintiff, who was working around and attempting to oil the machinery, allowed his clothing to "drop down on the shaft and under the guard, so that it came in contact with the said set screw, * * and he was drawn into the said machine." *Held*, that the admission in the answer renders unnecessary any proof that plaintiff's clothes caught on the set screw.

APPEAL AND ERROR — BILL OF EXCEPTIONS — NECESSITY — WAIVER — POWER.

5. A bill of exceptions is required by statute, and not by court rules, so that counsel cannot waive a bill of exceptions, where it is necessary to raise the question presented for review, or stipulate to submit the case on a transcript of the evidence.

APPEAL AND ERROR—BRIEFS—STATEMENT OF FACTS—FAILURE TO DENY.

6. Respondent need not object to the statement of fact made in appellant's brief and does not assent thereto by his failure to deny.

From Baker: WILLIAM SMITH, Judge.

Statement by MR. JUSTICE EAKIN.

This is an action by Ira E. Bigelow against the Columbia Gold Mining Co. for damages resulting from personal injuries received by plaintiff in operating an electric power pump. The defendant is engaged in operating the Columbia Gold Mine, in Baker County, Oregon, and at the 500-foot level uses a triplex electric power pump, which plaintiff is employed to operate; part of his duties being to attend to the automatic oilers. On the side next to the motor is a shaft, five or six feet long, with a pulley on one end, connected by a belt to the motor, and on the other end is a gearing, the shaft being about three and one-half feet above the floor. When in operation the shaft makes 400 revolutions a minute. There is a collar on the gear end of the shaft, close to, and on the opposite side of, the boxing from the gear, fastened to the shaft by a set screw to prevent the shaft from longitudinal motion, and revolving with the shaft. The shaft is about two and one-half inches in diameter, and the collar is about one and one-half inches wide, and about one and one-quarter inches thick, and the set screw is in the center of the collar, and projects about one inch

from the surface of the collar. Over this set screw is placed a sheet iron guard, about three and one-half inches wide. The three plungers are operated vertically by a series of cranks upon a shaft about five and one-half feet above the floor, and there are automatic oilers on top of these plunger cranks, and also on the boxing. On February 8, 1908, about 6 :30 A. M., plaintiff, in the discharge of his duties, was adjusting the oilers on top of the plunger cranks, which were about as high as he could reach. He was standing on the side of the pump next to the shaft, and in some manner his clothing was caught and wound around the shaft, tearing all the clothing from his body, and throwing him upon the shaft and against the plungers, from which he received very serious injuries, tearing off pieces of his scalp and burning the skin upon his legs and body. Plaintiff alleges that it was defendant's duty to cover and safeguard the set screw to render the same safe for plaintiff; that the guard placed thereon was so insecurely fastened, and of such thin material, that it was easily broken loose, and was so placed thereon that it did not cover the set screw completely, although it had the appearance of affording protection therefrom, and was thus rendered unsafe, and, in fact, dangerous, and was the cause of the injury complained of; that the dangerous and unsafe condition thereof was well known to defendant, or could have been known by due diligence, prior to the time of the injury received by plaintiff.

Defendant denies the allegations of the complaint, alleging affirmatively that the set screw was safeguarded, and was in a reasonably safe condition; that plaintiff knew and appreciated the danger and assumed the risk thereof; that plaintiff was guilty of contributory negligence in taking an unsafe place to work when there was a safe place on the other side of the pump, and in wearing loose clothing while working about the machinery.

Upon the trial plaintiff recovered a verdict, and from a judgment thereon defendant appeals.        Affirmed.

For appellant there was a brief over the names of *Mr. Charles A. Johns* and *Mr. Ralph W. Wilbur*, with an oral argument by *Mr. Johns*.

For respondent there was a brief over the names of *Messrs. Hart & Nichols,* with an oral argument by *Mr. Julius N. Hart.*

Mr. Justice Eakin delivered the opinion of the court.

1. After argument of the case in this court plaintiff filed a motion to affirm the judgment, for the reason that the only bill of exceptions filed is the entire transcript of the stenographer's notes taken at the trial, which is not a bill of exceptions contemplated by statute.   The first assignment of error is that the court erred in denying defendant's motion for a nonsuit.   The consideration of this assignment requires that the bill of exceptions shall contain all the evidence before the court at the time the motion was made: *Schaefer* v. *Stein,* 29 Or. 147 (45 Pac. 301).   The same is true of the second assignment of error, namely, the motion for a directed verdict. Therefore, for consideration of these two questions, the bill of exceptions is sufficient, and the motion must be denied.   But as to the other exceptions the bill does not comply with the statute (Section 171, B. & C. Comp), which provides that "the objection shall be stated with so much of the evidence or other matter as is necessary to explain it, but no more."   This question has been decided by this court so often that it seems needless to review it again.   In the case of *Hamilton & Rourke* v. *Gordon,* 22 Or. 561 (30 Pac. 496), the court in passing on this question says: "A motion was filed in this court by respondents to strike the bill of exceptions from the files, because it is nothing but a copy in longhand of the reporter's notes of the trial.   We are not aware of any

rule of law or practice authorizing us to strike from the
files that part of the transcript signed and allowed by
the trial judge, and made a part of the record in the court
below as a bill of exceptions; but we are equally certain
that there is no rule of law requiring us to examine, in
search of errors, such an alleged bill of exceptions, unless
it is prepared in the manner provided by law. We have
heretofore, in some instances, when it was difficult to
clearly ascertain the question sought to be presented,
declined to do so, and shall follow the same practice in
the future when the occasion presents itself." It is
imperatively necessary that the exceptions be distinctly
stated in the bill, and that about each exception be
grouped sufficient facts to show the nature and influence
of the ruling complained of: *Nosler* v. *Coos Bay Nav. Co.*,
40 Or. 305 (63 Pac. 1050: 64 Pac. 855) ; *Eaton* v. *Oregon
R. &`N. Co.* 22 Or. 501 (30 Pac. 311). For a suggestion
to the form of the statement of facts in the bill of excep-
tions, see *Tucker* v. *Salem F. & M. Co.* 15 Or. 585 (16
Pac. 426). And it is said in *Hedin* v. *Railway Co.*
26 Or. 155 (37 Pac. 540) : "It is generally deemed essen-
tial that all evidence introduced prior to the motion for
a nonsuit should be incorporated in a bill of exceptions
when the order of the court overruling or sustaining such
a motion is brought up for review * * [but that] is no
reason why other questions, and the particular errors
relied upon, should not be separately stated and pointed
out": *Eaton* v. *Oregon R. & N. Co.* 22 Or. 501
(30 Pac. 311). This is the only question involved
in *Eaton* v. *Oregon R. & N. Co.* 22 Or. 501
(30 Pac. 311), where the whole subject is thoroughly
reviewed by Mr. Justice BEAN, and Mr. Chief Justice
MOORE in *Oldland* v. *Oregon Coal & N. Co.* (decided June
15, 1909) 102 Pac. 596, says: "We believe that an average
of 1½ pages of testimony, or of a statement of
the substance thereof, would have been all that was
required to explain any exception saved." Therefore,

as to all the assignments of error, excepting the first two, there is no bill of exceptions before us, and they will not be considered.

2. The grounds of the motion for a judgment of nonsuit are: (1) That the evidence does not show any negligence on the part of defendant; (2) that it does show an assumption of risk by plaintiff; (3) contributory negligence by plaintiff; (4) and that it is not shown that plaintiff came in contact with the set screw. The negligence of defendant relied on by plaintiff is that the set screw was not reasonably safeguarded, but had a loose, frail, and insufficient guard, and yet had the appearance of being safe. The evidence tends to show that the set screw was dangerous if not safeguarded; that about a month before the accident, Culligan, who also operated this pump, one shift during the time prior to the injury, and who was not a mechanic, at his own suggestion and for his own protection, placed a guard over the set screw, which was made of light sheet iron, fastened at one side to one of the boxing bolts, and was unsupported at the other side; that he cut it out with a pair of shears, and shaped it with his hands, and it extended down over the set screw about even with the lower side of the shaft. He said he put it there because he felt afraid of the set screw when oiling the cups on the boxing, and he felt perfectly safe when it was on. After the accident it appeared that the guard had been torn off, and plaintiff's pants, coat, and shirt had been wound around the shaft; his coat and shirt were next to the set screw and his pants toward the other end. Plaintiff testifies that he thought the guard was safe, and relied on it. We think it cannot be said, as a matter of law, that under existing conditions the set screw was reasonably safeguarded, or that plaintiff assumed the risk incident thereto. It was for the jury to say whether the set screw was reasonably safeguarded, and whether plaintiff was justified in assuming that it was safe.

3. The only contributory negligence disclosed by the evidence, or charged against plaintiff, consists in wearing a coat while working about the machine, and in taking an unsafe place to work. He wore an ordinary, close-fitting, buttoned coat. He says he always wore it while at work, because it was uncomfortably cold down there, even with the coat on. He also testifies that it was necessary for him to stand on the shaft side of the pump, when adjusting the cups; that it was the safest place, and the only convenient and customary way. Although there was evidence tending to show that the oil cups, at the top of the crank shaft, could have been adjusted from the other side of the pump with safety, yet it was for the jury to say whether it was negligence for him to wear a coat or to regulate the oilers from the shaft side of the pump.

4. In the brief, counsel for defendant urge that the evidence does not establish that plaintiff's clothes caught on the set screw, and that, if he failed to prove that he was hurt in the manner alleged, he cannot recover. The allegation of the complaint is that the plaintiff was caught upon said revolving shaft by said set screw. The answer admits this in the following language: "Plaintiff, while working around the said machinery, and while attempting to oil the same, reached over the said pump, thereby allowing his clothing to drop down on the shaft and under the guard so that the same came in contact with the said set screw * * and he was drawn into the said machine." This admission renders unnecessary any proof upon that point, and we find that the motion for judgment of nonsuit was properly denied, and the evidence for the defense is not sufficient, on any of these points, to justify the court in directing a verdict for the defendant.

Judgment is affirmed.     AFFIRMED.

Decided September 21, 1909.

## ON PETITION FOR REHEARING.

[103 Pac. 1007.]

MR. JUSTICE EAKIN delivered the opinion of the court.

5. By the motion for rehearing, counsel urge: That, as the court must read the evidence for the consideration of the motion for nonsuit, therefore it ought to consider the errors disclosed by the transcript of the evidence; that some of the exceptions relate to general principles of law and can be passed upon independently of the evidence; and that appellant has stated in his brief sufficient of the evidence for the consideration of the exceptions relied upon, and, respondent having made no objections to such statement, therefore appellant's brief should be taken as the bill of exceptions. The effect of these contentions is that the court should permit counsel to waive the bill of exceptions or stipulate to submit the case on the transcript of the evidence. The bill of exceptions is required by the statute, and not by a rule of the court, as counsel suggests. This is a plain statute and has been construed and explained by this court in many cases.

6. Counsel for respondent is not called upon to object to the statements of fact made in his adversary's brief, and such statements cannot be taken as assented to. The exceptions not considered by the court were such as could not be raised in this court except by the bill of exceptions.

The motion for rehearing is denied.

AFFIRMED: REHEARING DENIED.