EDWARD O'FLAHERTY AND WIFE, Respondents, *v.* THE UNION RAILWAY COMPANY, Appellant.

1. *Damages, measure of — Actions for — Care and diligence to be exercised by defendant.*— It is the established doctrine of the Supreme Court that, in an action for damages on account of negligence or unskillfulness, it should be left to the jury to say whether, notwithstanding the imprudence or neglect of the injured person, the defendant could not, in the exercise of reasonable care and diligence, have prevented the injury.

2. *Damages — Negligence — Care and prudence to be exercised by infants.*— The same rigid rule in determining what would be a bar to an action on the ground of contributory negligence, would not be applied to an infant, an idiot, or an insane person, as to one who had arrived at an age to possess ordinary judgment and discretion. All that is necessary to give a right of action for an injury inflicted is that the injured person shall have exercised care and prudence equal to his capacity.

3. *Damages — Prudence to be exercised by parents.*— To constitute negligence in parents, there must be an omission of such care as persons of ordinary prudence exercise and deem adequate in the care of children.

### *Appeal from St. Louis Circuit Court.*

*Cline, Jamison & Day*, for appellant, cited Wright v. Malden Railroad Co., 4 Allen, 283 ; Trow v. Vermont Central Railroad, 24 Verm. 487 ; Buggs v. Taylor, 28 Verm. 180 ; Lucas v. New Bedford & T. R.R. Co., 6 Gray, 64 ; Gilman v. Deerfield, etc., 16 Gray, — ; Garrell v. Manchester, etc., 16 Gray, — ; Gallagher v. Boston, etc., 1 Allen, 187 ; Todd v. Old Colony, etc., 3 Allen, 21 ; 36 Mo. 484 ; Holly v. Boston Gas-Light Company, 8 Gray, 123 ; Hatfield v. Roper, 21 Wend. 615 ; Lehman v. Brooklyn, 29 Barb. 236 ; Boland and Wife v. Missouri Railroad Company, 36 Mo. 484 ; Bliss v. Hibbraham, 8 Allen, 564 ; Haley v. Earle, 30 N. Y. 208 ; Pool v. North Carolina Railroad Company, 8 Jones' L. R. 340.

*McBride*, for respondent, cited Huelsenkamp v. The Citizens' Railway Company, 34 Mo. 45 ; same case, 37 Mo. 554 ; Boland and Wife v. Missouri Railroad Company, 36 Mo. 484 ; Meyer v. Pacific Railroad Company, 37 Mo. 151–4 ; Liddy v. St. Louis Railroad Company, 40 Mo. 506 ; *id.* 153 ; Morrissey v. Wiggins Ferry Company, 43 Mo. 380.

WAGNER, Judge, delivered the opinion of the court.

This was an action by plaintiffs, as parents, to recover from defendants, an incorporated street railroad company, the statutory penalty of $5,000 for killing their child, a little girl aged about two years and eight months. The evidence shows that the accident occurred on Carr street, in the city of St. Louis; that the mother of the child dressed it, and sent it, under the protection of an elder sister about eight years of age, to a lot across the street to play and get fresh air; that after being there for a time the child, unobserved by its elder sister, escaped and undertook to make its way home across the street. While crossing the street, and on the railway track, one of defendant's cars came along and ran over it, completely crushing its skull. It is also most clearly established by the testimony that the car was being driven at a rapid rate. Some of the witnesses say that the team was running; others, that it was going at a very fast trot, and that the driver, instead of looking ahead and having his hand on the brake, in order to avoid accidents, was looking behind through the car, and holding on the dashboard to maintain his position. When the car was from thirty to fifty feet distant from the child, there was a woman looking out of an upper story window on the street, who saw the danger and cried out, trying to give the alarm to the driver; but his mind was diverted to another direction, and no effort was made to stop the car till the child was run over and killed outright. It further seems that the street over which the car was traveling was an up-hill grade, and had the car been driven with proper speed, and had the driver exercised prudence, management and care, the accident might easily have been avoided and the child's life saved.

On behalf of the plaintiff, the court, in substance, instructed the jury that if the child's death was caused or occasioned by the negligence, carelessness, or unskillfulness of the driver, servant, or employee of the defendant whilst running its car on the railroad, and whilst the same was in his charge as driver, and without negligence on the part of the child or its parents, then the jury should find for the plaintiffs; that, although the jury might believe

from the evidence that the plaintiffs or their deceased child were guilty of neglect or imprudence which contributed remotely to the death of the child, yet if the servant, employee, or driver of the defendant was guilty of misconduct or carelessness in the management of the defendant's car, which misconduct or carelessness was the immediate cause of the death of the deceased, and with the exercise of ordinary prudence and care on the part of said servant, employee, or driver, the death of the child might have been avoided, then the defendant was liable. To these instructions the defendant at the time excepted.

For the defendant the court instructed the jury that before the plaintiffs could recover in the case, they must establish affirmatively two facts, to-wit: *First*, that the deceased child came to its death from the careless acts or conduct of defendant's agents or servants in the management of its car; *second*, that neither of the plaintiffs, nor the little girl in charge of the deceased child, nor deceased child itself, was guilty of any negligence or carelessness immediately contributing to the injury and death of the child.

The defendant asked two additional instructions. The first was that if the jury found from the evidence that the deceased child was but two years and eight or ten months old, and that it was sent upon the streets in the city of St. Louis by its mother, in charge of a sister eight years old, and, while thus attended, it was left alone upon the streets, or was permitted to go out of the yard where its sister was engaged at play, and while thus alone it attempted to cross a public thoroughfare in said city traversed by street cars and other vehicles drawn by horses, unattended by any one sufficiently near to protect it from harm, and in so doing received the injuries complained of, from which it died, then the plaintiffs could not recover. The second instruction was, in substance, that if the deceased child was but two years and eight or ten months old, and attempted to cross from the north side to the south side of Carr street, unattended by any one in charge of it or sufficiently near to it to give it aid, care and protection in crossing said street, and that said street was a public thoroughfare used for street cars and other vehicles drawn

by horses, and that said child, while so attempting to cross said street, came in contact with the horses or car of defendant and was knocked down and run over, then these facts constituted such carelessness as would prevent the plaintiffs from recovering. The last two instructions the court refused to give, and the defendant excepted. The jury found a verdict for the plaintiffs, on which judgment was rendered, and the defendant appealed.

The instructions given for the plaintiff are wholly unobjectionable, for it is the established doctrine of this court that in an action for damages on account of negligence or unskillfulness, it should be left to the jury to say whether, notwithstanding the imprudence or neglect of the injured person, the defendant could not, in the exercise of reasonable care and diligence, have prevented the injury. The instruction given for the defendant was sufficiently favorable to it, and went as far as the prior rulings in this State on the subject would permit. But the instructions refused were based on an entirely different theory, and asked the court to declare, as matter of law, that permitting the child to go out under the circumstances as detailed was of itself negligence and would preclude a recovery.

In discussing the question of infantile responsibility in a case in this court, we held that the same rigid rule,. in determining what would be a bar to an action on the ground of contributory negligence, would not be applied to an infant, an idiot, or an insane person, as to one who had arrived at an age to possess ordinary judgment and discretion. All that was necessary to give a right of action for an injury inflicted by the defendant was that the injured person should have exercised care and prudence equal to his capacity. (Boland and Wife v. Missouri Railroad Company, 36 Mo. 484.) The young and the old, the lame and infirm, are entitled to the use of the streets, and more care must be exercised towards them by persons controlling or managing cars and vehicles than towards those who have better powers of motion. A child or young person can not be expected to possess that vigilant foresight which would be exacted of a person of maturer years. But it does not thence follow that they are to be denied the privilege of going on the streets, and, if

they do so go, they may be killed with impunity. In the case of a child two or three years old, no knowledge or foresight can be expected. This fact persons who traverse the streets in conducting cars are bound to know, and govern their actions accordingly. In Mangam v. Brooklyn Railroad Company, 38 N. Y. 455, the action was for injuries done to an infant three or four years old. The proof showed that the child was left in the house with the front door locked; that he got out into the street through the front window, and then went down one street and crossed another, in front of the mules drawing the car; that he got out of the way of the mules, but was struck by the dashboard of the car and knocked down, and received the injury; that the driver of the car had caught a pigeon, which he had in his hands, and was sitting down looking at it, having wound his lines around the brake, and was paying no attention to his team, or to what might be on the track, at the time of approaching the place of collision, nor until after the occurrence. There the inference is that the team was going along leisurely, and the driver was simply guilty of inattention; but had he been at his post, vigilantly performing his duty, the accident might and would have been avoided. Yet the court held that the child being in the street under such circumstances would not warrant the conclusion, as matter of law, that the parent was guilty of negligence, and at most the question of fact should be submitted to the jury.

I think it may be stated as a sound proposition that to constitute negligence in the parents there must be an omission of such care as persons of ordinary prudence exercise and deem adequate for the required purpose. In the present case it appears that the unfortunate little child was never permitted to go out on the streets alone, unattended, but it was frequently sent out under the care of its sister. Although the sister was but eight years old, she might have been entirely adequate to afford it protection under ordinary circumstances. It is the only attendance many people are capable of affording their children. To say that it is negligence to permit a child to go out to play unless it is acccompanied by a grown attendant, would be to hold that free air and

exercise should only be enjoyed by the wealthy who are able to employ such attendants, and would amount to a denial of these blessings to the poor.

The evidence is clear that the driver was guilty of the most reckless misconduct and criminal disregard of human life. Had he been driving in moderation, and attentive to those duties which his situation demanded, this accident could never have happened. But the whole question was fairly submitted to the jury, and they have passed upon it by their verdict. That verdict can only be disturbed by attempting to withdraw this case from the operation of the established law of this State, and we do not feel particularly called upon to invent new rules for the purpose of screening and protecting wrong-doers. I think the judgment is right, and therefore advise an affirmance.

Judgment affirmed. The other judges concur.