[Argued July 16; decided July 30, 1894.]

## HEDIN v. SUBURBAN RAILWAY COMPANY.

[S. C. 37 Pac. 540.]

1. PARENT AND CHILD—DUTY OF PARENT TO PROTECT MINOR CHILD.—It is the duty of the parent of a minor child to protect it from injury, so far as his financial ability will permit, and this duty is more imperative as the child is younger and more helpless. All the circumstances tending to show or explain the degree of care exercised by the parent are to be considered, where the child has been injured by the negligence of others.

2. RAILWAYS—DUTY OF MOTORMAN AT STREET CROSSINGS.*—While it is the duty of one about to cross a railway track to act carefully, it is also the duty of the persons in charge of cars to exercise greater watchfulness at public crossings than at other places, and it is also their duty to use greater care and diligence upon seeing a young child on the track, than upon noticing an older person of more mature judgment.

3. RAILWAYS—NEGLIGENCE—QUESTION FOR JURY.—Where there is a dispute regarding the facts, or, the facts being undisputed, there may reasonably be a difference as to deductions therefrom, the question is one proper to be submitted to a jury: where, therefore, in an action by a parent against a street railway for injuries to his minor child, it appeared that plaintiff was in moderate circumstances, and sent the child, who was about three years old, to play under the care of its nine-year-old brother; that the mother had called the children, and that the little girl left her brother and ran across the track in front of the car to her mother; and that after striking her the car ran some distance before it was stopped on an easy grade, it was proper to submit the whole question of negligence to the jury.

4. BILL OF EXCEPTIONS—ASSIGNMENT OF ERRORS—PRACTICE.—It is appropriate to include in the bill of exceptions all the evidence introduced prior to a motion for a nonsuit, where the order of the court sustaining or overruling such a motion is brought up for review (*Johnston* v. *Oregon Short Line Railway Company*, 23 Or. 94, cited ), but that does not excuse counsel from properly pointing out the other particular errors relied upon, and they must do so or the points will not be considered: *Eaton* v. *Oregon Railway and Navigation Company*, 22 Or. 497, cited and approved.

APPEAL from Multnomah: E. D. SHATTUCK, Judge.

This is an action brought by N. G. Hedin against the City & Suburban Railway Company to recover damages for expenses incurred in the care of, and medical attendance rendered to, his minor daughter, and for the loss of her services, on account of injuries caused by one of defendant's electric cars running over her while, as is alleged, being carelessly and negilently propelled at an unusual and dangerous rate of speed by the employés of defendant, whereby the two small fingers and a part of the

*For a collection of cases on the subject of the duty of railway companies to exercise especial care at street crossings see note to *Wallace* v. *City & Suburban Railway Company*, 23 L. R. A. 663; note to *Bottoms* v. *Seaboard Railroad Company*, 25 L. R. A. at

palm of her right hand were cut off, and the third finger of said hand was bruised and mutilated.    After denying the material allegations of the complaint, the defendant, in substance, alleged that the plaintiff carelessly and negligently permitted said minor child to go unattended upon a public street in which he well knew defendant's cars were running at frequent intervals, and that while one of its cars was moving on said street at a moderate and lawful rate of speed, the said child carelessly and negligently ran immediately in front thereof, and so near thereto, that it was impossible for its employés, though using all the means in their power, to stop the car in time to prevent the injury. The allegations of new matter contained in the answer having been denied in the reply, the cause was tried, and a verdict and judgment rendered against the defendant, from which it appeals.

AFFIRMED.

*Mr. Rufus Mallory* (*Messrs. Cyrus A. Dolph*, and *Joseph Simon* on the brief), for Appellant.

*Mr. Raleigh Stott* (*Messrs. Whitney L. Boise*, and *Geo. C. Stout* on the brief), for Respondent.

Opinion by MR. JUSTICE MOORE.

The bill of exceptions shows that when plaintiff rested his case the defendant moved for a nonsuit, for the reason that there was not sufficient evidence in support of the complaint to be submitted to the jury, which motion having been overruled by the court, an exception was taken, and it is now contended that it should have been sustained. It is also claimed that it was negligence *per se* on the part of the plaintiff to permit a child of such tender years to go unattended upon a public street where such dangerous machines as cars propelled by electric power were known to be running at frequent intervals.    The record shows

that plaintiff introduced evidence tending to prove the following facts: That the injury occurred April twenty-third, eighteen hundred and ninety-three, on the public crossing at the intersection of Johnson and Fourteenth Streets in the City of Portland; that defendant's railway track runs north and south on said Fourteenth Street, and that from Glisan Street north to Johnson Street, a distance of about seven hundred and twenty feet, said track has a descending grade of about one half inch in every two and one half feet; that electric cars had been substituted on said street for those propelled by horses only three or four days prior to the injury; that an ordinance of said city permitted the defendant to run its cars at a rate of eight miles per hour; that the car in question was running very rapidly down the grade, and, after striking the child, it ran one hundred and twenty-eight feet before it was stopped; that the plaintiff, who by occupation is a stonemason, lived on the east side of Fourteenth, about one hundred feet north of Johnson Street, and, with the aid of his wife, who, without any help, kept eight boarders, supported their family, consisting of two boys of the age of nine and seven years, respectively, and the girl injured, aged three years and nine months, and another girl aged two years and seven months, by their joint labor; that the plaintiff having no playground for the children on his premises, his wife on the day in question sent them to a vacant block at the southwest corner of Fourteenth and Johnson Streets, where they had been in the habit of playing; that between six and seven o'clock in the evening, and while it was yet daylight, plaintiff's wife called the children to their supper, and went to the sidewalk in front of their house to meet them, as was her custom; that when reaching the sidewalk she saw defendant's car coming rapidly down Fourteenth Street, after having just entered it from Glisan Street, and also saw her children coming from the block upon

which they had been playing to the sidewalk in front of it at the northeast corner, where they remained for an instant; that, having seen the position of the car and of the children, she did not warn them of the danger, or tell them not to cross the street; that when the car had reached a point from one hundred to two hundred feet from the children, the little girl in question started and ran across the street in front of it, which so frightened her mother that she did not warn her to turn back, thinking, as she says, that the child could cross the track before the car reached her; that the car struck the child just after she had crossed the track, inflicting the injury complained of; and that the plaintiff had sustained the amount of damages which he sought to recover.    Did this state of facts authorize the court to submit the case to the jury?    It may be conceded that if the plaintiff permitted a child of her tender years to go unattended upon a street where electric cars were known to be passing at frequent intervals, and she there sustained an injury, it was such negligence on his part as would prevent a recovery for damages sustained in consequence of the loss of her services (Booth on Street Railway Law, § 390, and cases there cited), but we do not think counsel's assumption of the fact is supported by the evidence, which shows that plaintiff's wife sent the little girl in question with the other children to play on the vacant block, and that immediately prior to the injury she was accompanied by her brother, whom she left standing on the crossing when she ran across the street.    Her escape from him does not necessarily prove that she was unattended.

1.  In passing upon the question presented by the motion, there were two elements to be considered: *First*, did the plaintiff, by his negligence in not exercising greater care over this little child, contribute to its injury in such a manner as to preclude his recovery? and, *second*,

was the defendant's agent, at the time of the injury, exercising ordinary care and prudence in the management of its car? The parent of a minor child should, so far as his financial ability will permit, throw around it such a mantle of protection against injury from any cause as to shield it from all danger; and the measure of this protection should be in an inverse ratio to the helplessness and indiscretion of the infant. When a parent whose means are limited has done all that can reasonably be expected from one in his condition, he will not be debarred from a recovery for the loss of his child's services in consequence of an injury caused by the negligence of others because he has not exercised the same degree of care in protecting his child as would reasonably be expected from parents having more means at their command. All the circumstances, therefore, that tend to show the degree of care exercised by a parent or guardian over his child for its protection are to be considered, and in case of injury to the child by the negligence of others, his conduct is to be measured by what would reasonably be expected from a prudent person of his financial condition and station in life: Sherman and Redfield on Negligence, § 72.

2. The defendant would not be liable for any injury unless its agent had failed to exercise ordinary care and prudeuce in the control and management of its car. The degree of diligence required of the motorman is to be measured by all the circumstances and conditions bearing upon the question of prudence or negligence happening and existing at the time of the accident. At a public crossing of a track it is the duty of one about to cross to take proper precautions to prevent accidents, but this requirement upon the part of the public does not absolve the defendant from the exercise of greater watchfulness at such places than at other points on its line: Booth on Street Railway Law, § 305. The motorman owed a greater

duty to the child in question, in consequence of her age and indiscretion, had he seen her in time to prevent the accident, than to a grown person possessing apparant organs of perception and reasoning faculties: *O'Flaherty* v. *Union Railway Company,* 45 Mo. 70, 100 Am. Dec. 343. The circumstances to be considered on the part of the plaintiff, as tending to show the degree of protection which he might be reasonably expected to afford, are that he was in moderate financial condition, and unable to maintain help in the care of his child; that he had no playground for its comfort and enjoyment; and that the child from the time she left home to an instant prior to the injury was with her brother; while the circumstances to be considered on the part of the defendant, as tending to prove its want of ordinary care and prudence are the speed of the car; the injury at a public crossing; and that the person injured was a small child. In view of these facts and circumstances, could the court, as a matter of law, rightfully withdraw the question from the jury, and say that the negligence of the plaintiff was the primary cause of the injury, and therefore no recovery is possible?

3. The question of negligence is generally one of fact, and not of law. If there be any dispute as to the facts, it is clearly a question for the jury; or, if there be no dispute as to the facts, but there may reasonably be a difference of opinion as to the inferences and conclusions deducible therefrom, it is the province of the jury to determine the question: Beach on Contributory Negligence, § 163. In this case it appears that the child injured was in company with her elder brother, who appeared before the jury. His competency and ability to protect her did not depend so much upon his age or size as upon his discretion and knowledge of the apparent danger; and because the child deserted him and upon the rapid approach

26 OR.—21.

of the car ran to her mother, it does not necessarily follow that he was incompetent for the trust, but rather that the child placed more confidence in her mother than in him. The fact of his presence with his sister was proven, and from his age and general intelligence an inference was to be drawn of his ability to protect her. It was also proved that the car ran a given distance after the accident occurred before it was stopped, and from this fact an inference of its speed was deducible. "To draw such inferences," says LYON, J., in *Hoppe* v. *Chicago, etc., Railway Company*, 61 Wis. 357, 21 N. W. 227, "is peculiarly the function of the jury, as this court has held in many cases." "Whenever a motion for nonsuit is made," says LORD, C. J., in *Herbert* v. *Dufur*, 23 Or. 462, 32 Pac. 302, "every intendment, and every fair and legitimate inference which can arise from the evidence must be made in favor of the plaintiff." Conclusions were to be drawn from the facts proved as to whether the plaintiff had exercised that degree of care, and extended to his child that measure of protection, required of one in his financial condition and station in life, and as to whether, from the facts proved, the defendant was in the exercise of ordinary care and prudence in the management of its car at the time of the injury. If the elder brother had knowledge of the apparent danger, and sufficient discretion and judgment to care for and protect his sister, or if his mother had reason to believe, and did believe, that he possessed such knowledge, judgment, and discretion, it was not negligence to send the children to play together, and in any event it was a question for the jury to say whether there had been any negligence in the care of the child: *Hoppe* v. *Chicago, etc., Railway Company*, 61 Wis. 357, 21 N. W. 227.

In the case of *O'Flaherty* v. *Union Railway Company*, 45 Mo. 70, 100 Am. Dec. 343, it appeared that a little girl, aged about two years and eight months, had been sent,

under the protection of an elder sister about eight years of age, to a lot across the street to play and get fresh air; that after being there for a time, the child, unobserved by its elder sister, escaped, and undertook to make its way home across the street, where it was run over and killed by one of defendant's cars.   In an action by the parents to recover damages for killing the child, the court, in commenting upon the facts in the case, said: "I think it may be stated as a sound proposition that to constitute negligence in the parents there must be an omission of such care as persons of ordinary prudence exercise and deem adequate for the required purpose.   In the present case it appears that the unfortunate little child was never permitted to go out on the streets alone, unattended, but it was frequently sent out under the care of its sister.   Although the sister was but eight years old, she might have been entirely adequate to afford it protection under ordinary circumstances.   It is the only attendance many people are capable of affording their children.   To say that it is negligence to permit a child to go out to play unless it is accompanied by a grown attendant, would be to hold that free air and exercise should only be enjoyed by the wealthy, who are able to employ such attendants, and would amount to a denial of these blessings to the poor." It appears from the foregoing that there might reasonably have been a difference of opinion as to the inferences and conclusions to be deduced from the facts proved, and in such case the question of negligence should always be submitted to the jury, even if there be no dispute as to the facts, and hence there was no error in overruling the motion for a nonsuit.

4.   The notice of appeal presents other questions relating to the admission of evidence, and to the giving and refusal to give certain instructions.   The bill of exceptions contains a complete transcript of the stenographer's notes.

of the trial, including all the evidence, together with the exceptions taken and allowed to its admission, in regular order as they occurred.   A judge in settling a bill of exceptions, where a motion of nonsuit had been sustained by him, would hesitate to certify that there was no evidence to sustain the cause of action; or, where such motion had been denied, he would certainly have some delicacy in certifying that the evidence and inferences and conclusions to be deduced therefrom fully warranted him in submitting the question to the jury; and hence it is generally deemed essential that all evidence introduced prior to the motion for a nonsuit should be incorporated in a bill of exceptions when the order of a court overruling or sustaining such a motion is brought up for review: *Johnston* v. *Oregon Short Line Railway Company*, 23 Or. 94, 31 Pac. 283.   That the evidence necessary to review the action of the court upon the motion for a judgment of nonsuit appears in the bill of exceptions, is no reason why the other questions and the particular errors relied upon should not be separately stated and pointed out.   The bill of exceptions in the case at bar does not comply with the rule announced by this court in the case of *Eaton* v. *Oregon Railway and Navigation Company*, 22 Or. 497, 30 Pac. 311, and for the reason there given the other questions will not be considered.   It follows that the judgment of the court should be affirmed, and it is so ordered.                                AFFIRMED.