Argued 26 October, decided 12 December, 1904.

## MACDONALD *v.* O'REILLY.

[78 Pac. 753.]

DUTY OF PARENTS TO CHILDREN — IMPUTED NEGLIGENCE.

1. In view of Sections 512 and 513, B. & C. Comp., under which the parents share equally and independently of each other in the care and custody of their children, neither is the agent of the other, nor can the negligence of one be im_ puted to the other, in actions for damages resulting from injuring or killing their child: *Hedin* v. *Suburban Ry. Co.* 26 Or. 155, distinguished.

AGE OF DISCRETION IN CHILD.

2. A child four and a half years old has not as a matter of law sufficient judg- ment or intelligence to be capable of negligence.

EXAMPLE OF ONE NOT AN INDEPENDENT CONTRACTOR.*

3. In an action for the death of a child while at play, resulting from the fall of timbers alleged to have been negligently piled in the street near the home of the deceased, the mere fact that the defendant, as owner of the timbers, paid a teamster to haul them to the premises, is insufficient to constitute the teamster an independent contractor, so as to relieve the defendant from liability for the manner in which the timbers were piled.

LIABILITY OF INDEPENDENT CONTRACTOR.

4. In an action for the death of a child from the fall of timbers alleged to have been negligently piled in the street, where it appeared that the timbers were for the use of independent contractors, who were engaged at the time of the accident in preparing to begin work, but that the defendant, as owner of the premises and the timbers, had them hauled there, a charge that if the accident happened from the unsafe condition in which the timbers were left on the ground by defendant, and before possession thereof was taken by the contractors, the defendant would be responsible, but if the contractors had taken control of the timbers, and had

---

*NOTE.— See the following cases on this subject:

*St. Louis, I. M. & S. Ry. Co.* v. *Yonly*, 9 L. R. A. 604, with note, Liability of Rail- road Company for Negligence of Independent Contractor; *Hawver* v. *Whalen*, 14 L. R. A. 828, with note, Exceptions to the Rule of Liability of Employer for Acts of an Independent Contractor; *Sanford* v. *Pawtucket St. Ry. Co.* 33 L. R. A. 564, with briefs and short collection of cases in footnote; *Boomer* v. *Wilbur*, 53 L. R. A. 172, with footnote references; *Pingree* v. *Michigan Cent. R. Co.* 53 L. R. A. 285, with collection of cases; *Uppington* v. *New York*, 53 L. R. A. 550, and cases cited in foot- note; *Richmond* v. *Sitterding*, 65 L. R. A. 445, and *Central C. & I. Co.* v. *Grider*, 65 L. R. A. 455, with monographic note, Persons Deemed to be Independent Con- tractors Within the Meaning of the Rule Relieving the Employer From Liability, pp. 445–508.

Read *Brown* v. *Smith*, 22 Am. St. Rep. 456, with part of note on p. 463; *Engle* v. *Eureka Club*, 33 Am. St. Rep. 692, with collection of authorities on Liability for Negligence of Independent Contractor; *First Presby. Congreg.* v. *Smith*, 43 Am- St. Rep. 808, followed by a collection of authorities as to Employer's Liability to Third Person for Independent Contractor's Negligence; *Smith* v. *Milwaukee B. & E. Exch.* 51 Am. St. Rep. 912, with note, Negligence of Independent Contractor; *Covington & C. Bridge Co.* v. *Steinbrock*, 76 Am. St. Rep. 375, with monographic note, pp. 382–428, Liability for Negligence and Other Torts of Independent Con- tractors, and note in 98 Am. St. Rep. 309, on Liability of One Furnishing Appli- ances to an Independent Contractor.     REPORTER.

negligently put them in an unsafe condition, or if they were responsible for their being in such condition, they, and not the defendant, would be liable for the accident, was a correct statement of the law.

HARMLESS ERROR — PHOTOGRAPHS AS EVIDENCE.*

5. In an action for the death of a child from the fall of timbers alleged to have been negligently piled in the street, any error in the admission in evidence of photographs of the premises, taken the day following the accident, showing the premises as they were before the accident, with the exception of the timbers was harmless.

From Multnomah: ARTHUR L. FRAZER, Judge.

Action by Frederick D. Macdonald, administrator of the estate of Maurice R. Macdonald. deceased, against Drake C. O'Reilly. From a judgment for plaintiff, defendant appeals.                                          AFFIRMED.

For appellant there was a brief over the names of *Williams, Wood & Linthicum* and *Rodney L. Glisan*, with an oral argument by *Mr. Chas. E. S. Wood* and *Mr. Glisan.*

For respondent there was a brief and an oral argument by *Mr. Henry E. McGinn.*

MR. JUSTICE BEAN delivered the opinion.

This is a statutory action for damages for the death of an infant aged four years and six months. The plaintiff is the father of the child, and sues as administrator of his estate. On March 19, 1903, while the boy was playing with other children on a pile of round sticks or piles in the street in front of the defendant's property, the piling rolled down and crushed him, causing his instant death. The piles belonged to O'Reilly, and, with the consent of the city authorities, were placed in the street by him, or at his direction, to be subsequently used in the construction of a building on his premises adjacent thereto. The defendant had contracted with a pile-driving firm for the driving of the piles, and it was engaged at the time of the accident in making preparations for beginning its work.

*NOTE.—See *State* v. *Miller*, 43 Or. 326, and cases cited in foot note.

REPORTER.

O'Reilly was to furnish and deliver the piles on the ground or in the street adjoining. He purchased them from the county, received them at the river, and contracted with C. J. Cook & Co., at a certain price per foot, to haul them to his premises. Cook & Co. unloaded the piles in the street next to O'Reilly's property, with his knowledge and in pursuance of his instructions, where they remained several weeks prior to the accident. When they were piled in the street they were supported on one side by a billboard, but it was removed a few days prior to the accident by parties engaged in excavating for the foundation of O'Reilly's building. The child lived with his parents about half a block distant from O'Reilly's property, and had previously been warned, in the presence and hearing of his mother, to keep away from that vicinity. The plaintiff had a verdict and judgment, and the defendant appeals, assigning error, *first*, in instructing the jury that the negligence of the mother, if any, in permitting the child to play in the street, and in not taking proper care of him, can be no defense to this action; *second*, that the child was *non sui juris*, and could not, therefore, be guilty of contributory negligence; and, *third*, in instructing the jury as to the rule governing the liability of an independent contractor.

The briefs of both sides contain unusually full and able arguments on the general question of imputed negligence, and as to when and under what circumstances the negligence of the legal custodian of a person *non sui juris*, contributing to his injury or death, will be imputed to such person or his beneficiary in an action to recover damages therefor. It is agreed by counsel that, according to the great weight of modern authority, the negligence of the legal custodian of such a person will not be imputed to it or bar an action for or on its behalf, and that the doctrine of *Hartfield* v. *Roper*, 21 Wend. 615 (34 Am. Dec. 273), has

not stood the test of reason. For a full discussion of this question, with a collation of authorities, see Beach, Contrib. Neg. (2 ed.) § 119 *et seq.*; 1 Thompson, Negligence, § 293; Tiffany, Death by Wrongful Act, § 68; 14 Am. Law Rev. 770; 17 Cent. Law J. 243; 23 Cent. Law J. 459; *Bamberger* v. *Citizens' St. Ry. Co.* 95 Tenn. 18 (31 S. W. 163, 28 L. R. A. 486, 49 Am. St. Rep. 909); *Atlanta & C. A. L. Ry. Co.* v. *Gravitt*, 93 Ga. 369 (20 S. E. 550, 26 L. R. A. 553, 44 Am. St. Rep. 145). But counsel disagree radically as to whether, in an action brought under our statute by a father, as administrator of the estate of his minor child, to recover damages for his death, the negligence of the father will be a bar. Defendant insists that since the father is by law the sole heir of his child, and will inherit his estate, he is in fact the real party in interest, and his contributory negligence ought to bar a recovery on the ground that he should not be permitted to profit by his own wrong. The position of the plaintiff, on the other hand, is that, since the right of action for the negligent injury or death of a person, by our statute, is given to his administrator for the benefit of his estate, and not, as in most other jurisdictions, for the benefit of certain designated persons, and since the recovery, if any, is to be administered as other assets of the estate (B. & C. Comp. § 381; *Carlson* v. *Oregon R. & Nav. Co.* 21 Or. 450, 28 Pac. 497; *Schleiger* v. *Northern Term. Co.* 43 Or. 4, 72 Pac. 324), the interest of the father as heir is so remote that his contributory negligence should be no defense.

It is not necessary for us to decide this question, interesting and important as it is. There was no evidence whatever on the trial that the plaintiff's negligence contributed to the death of his minor child, and there is no sufficient ground upon which the negligence of the mother can be imputed to the father, any more than the negligence of the parents can be imputed to the child.

1. The primary subject of inquiry in all personal injury actions is whether the negligence of the defendant was the proximate cause of the injury. When that fact is proven, and that the plaintiff was damaged thereby, the liability of the defendant is established. The plaintiff may not be entitled to recover, however, because of the concurring negligence of himself, or of some one standing in his place, contributing to the injury, for the reason that the law will not undertake to apportion the negligence. But the contributory negligence which will bar a recovery must be that of the person from whom the cause of action is derived, or the beneficiary, or some one standing in such a relation to the beneficiary that the maxim, *Qui facit per alium facit per se*, may be invoked: 16 Am. & Eng. Enc. (1 ed.) 447. A wife does not, from the mere marital relation, however, occupy such a position in the care and custody of a minor child. Under our statute, the right and responsibility of the parents in that regard are equal, and the mother is as fully entitled to the custody and care of the children as the father: B. & C. Comp. §§ 512, 513. The doctrine to be found in some of the books, therefore, that because the father is the legal custodian of the children, or because of the identity of the parents, the law will assume that the mother is the agent of the father, for whose negligence he is responsible, can have no application. A mother is not the agent of the father in the care of the children any more than the father is the agent of the mother. They are both equal before the law. The common interest or common duty of the parents toward the children will not of itself make one the agent of the other, or responsible for that other's negligence. Such seems to be the result of the decided cases in states where the doctrine of imputed negligence is not recognized.

Thus *Donk Coal Co.* v. *Leavitt*, 109 Ill. App. 385, was an action by the father, as administrator of the estate of his son, a child of three years, to recover for his death, caused by the negligence of the defendant in maintaining an open cistern on its premises. One of the defenses was that the accident was due to the contributory negligence of the mother, who had the care and custody of the child at the time. The court held that such negligence was no defense, saying: "The action is brought for the benefit of the father as well as for the benefit of the mother, as the statute and the decisions of the supreme court in the interpretation thereof provide. * * Appellee, the father, was not present. His absence was in the discharge of duties which he owed to his wife and child, no less than toward appellant. There is no way of charging him with evidence even tending to prove his contributory negligence. He does not derive his right in the premises through the acts or omissions of his wife, but through the rights of his child and the negligence of appellant."

*Atlanta & C. A. L. Ry. Co.* v. *Gravitt*, 93 Ga. 369 (20 S. E. 550, 26 L. R. A. 553, 44 Am. St. Rep. 145), was an action by a mother to recover damages for the death of her child, occurring under circumstances of concurring negligence on the part of the custodian of the child selected by the father, and the defendant. In the light of the facts, the court said that the father would be precluded from recovery, and that as to him the case was the same as if he himself "had deliberately led his son into the death trap," but that the custodian of the child was not the agent of the mother, although selected by the father with her knowledge and without protest, nor would the negligence of her husband be imputed to her. This case, although criticised by counsel for the plaintiff, is, to our minds, a remarkably full and able discussion of the entire doctrine of imputed negligence and the grounds upon which it is

based. All the authorities on the question up to the time
of that decision seem to be referred to and commented
upon, and the conclusion reached is that the identity or
common interest of the husband and wife is not sufficient
to make the husband the agent of the wife in the care of
the child, and that he is not to be regarded as such agent
unless "she expressly constituted him her agent for the
purpose in hand." After considering at length the author-
ities bearing directly on the question as to whether the
negligence of the husband can be imputed to the wife,
Mr. Justice LUMPKIN concludes: "Under the facts of the
present case, the father was in no sense acting as the
agent of, or in any manner representing, his wife. Only
upon the idea of identity of interest could the act of one
be regarded as that of the other. We have already shown
that the rule which once obtained, whereby, upon the
theory of identity or agency, the negligence of a father
was imputed to his infant child, has been utterly repudi-
ated in most jurisdictions, and no longer has any firm
footing in the law of this country. The same reasons
which have been urged against the injustice and harsh-
ness of that rule apply equally well to so indefensible a
doctrine as that which would seek to charge a wife with
the negligence of her husband, simply because of the
marital relation existing between the two. Like the child,
the wife has distinct, individual legal rights, which can-
not be defeated simply by showing that another, to whom
she was related by the ties of wedlock, but over whom she
exercised at the time no control, was guilty of negligence
concurrent with that of the defendant. Incidentally, the
husband might derive some benefit from a recovery by
her; indeed, upon her death, might inherit her estate, in-
cluding the money so recovered. This, however, would
likewise be true in a case where a child was allowed to
recover despite the negligence of its father, and yet this

is universally held not to be a sufficient reason for unjustly depriving the child of its legal rights as against a wrong-doer entitled to no protection whatsoever as to liability growing out of his own gross misconduct. It would seem that the efforts on the part of the courts of an earlier-day to formulate rules which would extend the doctrine of imputable negligence so as to include persons other than those who actually sustained towards each other the relation of master and servant, or principal and agent, or who were jointly engaged in the prosecution of a common enterprise, have proved to be entirely unsuccessful legal ventures. Such rules have already met the fate which must inevitably sooner or later have befallen them, for they stand upon no foundation of logic, wisdom, or justice."

*Davis* v. *Guarnieri*, 45 Ohio St. 470 (15 N. E. 350, 4 Am. St. Rep. 548), was an action by a husband, as administrator of his wife's estate, against a druggist who had given a dangerous drug by mistake to the husband, which drug the husband had administered to his wife, causing death. The defendant set up contributory negligence on the part of the husband, and the court held that the doctrine of imputed negligence did not prevail in Ohio, and that contributory negligence of the husband in purchasing the drug would not be imputed to the wife in an action by her or her administrator against the dealer for injury or death resulting from the use of such drug, unless "she constituted him her agent," and that by simply making known to her husband her desire for the medicine, by reason of which he obtained it, she did not make him her agent in such sense that his contributory negligence in making the purchase could be imputed to her : *Louisville N. A. etc. R. Co.* v. *Creek*, 130 Ind. 139 (29 N. E. 481, 14 L. R. A. 733), was an action by a husband as administrator of his wife's estate. She was killed at a railway crossing while driving with her husband, the husband's negligence

contributing to the disaster. The court ruled that the negligence of the husband could not be imputed to the wife, and was no defense, saying: "A husband and wife may undoubtedly sustain such relations to each other in a given case that the negligence of one will be imputed to the other. The mere existence of the marital relation, however, will not have that effect. In our opinion, there would be no more reason or justice in a rule that would in cases of this character inflict upon a wife the consequences of her husband's negligence, solely and alone because of that relationship, than to hold her accountable at the bar of eternal justice for his sins because she was his wife." That the negligence of one member of the family will not be imputed to another is applied in actions under statutes giving a right of action for death by wrongful act for the benefit of the parents or next of kin, it being held in such cases that the negligence of one of the beneficiaries cannot be imputed to the others or bar a recovery: *Cleveland C. & C. Ry. Co.* v. *Crawford*, 24 Ohio St. 631 (15 Am Rep. 633); *Davis* v. *Guarnieri*, 45 Ohio St. 470 (15 N. E. 350, 4 Am. St. Rep. 548); *Wolf* v. *Lake Erie & W. R. Co.* 55 Ohio St. 517 (45 N. E. 708, 36 L. R. A. 812).

The principle underlying all these cases is, as already stated, that contributory negligence, in order to be a defense, must be that of a person through whom the cause of action is derived, or for whose benefit it is prosecuted, or some authorized agent or representative. Or perhaps as better said by Mr. Justice MITCHELL in *Town of Knightstown* v. *Musgrove*, 116 Ind. 121 (18 N. E. 452, 9 Am. St. Rep. 827): "Before the concurrent negligence of a third person can be interposed to shield another, whose neglect of duty has occasioned an injury to one who was without personal fault, it must appear that the person injured and the one whose negligence contributed to the injury sustained such a relation to each other in respect to the matter then in

progress as that, in contemplation of law, the negligent act of the third person was, upon the principles of agency, or coöperation in a common or joint enterprise, the act of the person injured. Until such agency or identity of interest or purpose appears, there is no sound principle upon which it can be held that one who is himself blameless, and is yet injured by the concurrent wrong of two persons, shall not have his remedy against one who neglected a positive duty which the law enjoined upon him." Such agency will not be inferred from the mere marital relation of husband and wife. If the negligence of the mother will not be imputed to her infant child, so as to bar an action by or on behalf of the child, there is certainly no reason why it should be imputed to her husband, and defeat an action by him. If the father suffers damages by the injury or death of his infant child, caused by the negligence of another, to which he himself in no way contributed, there is no reason why he should be deprived of the benefit of recovery, or the negligent party should avoid responsibility, because of the concurring negligence of his wife, who, under the law, is entitled to the custody of the child equally with himself, nor why, if a mother is likewise damaged, and has a right of action therefor, it should be barred by the negligence of the father. We are of the opinion, therefore, that the negligence of the mother, if any, in the case at bar, could not be legally imputed to the plaintiff, and the court did not err in so instructing the jury.

This point was not made in *Hedin* v. *Suburban Ry. Co.* 26 Or. 155 (37 Pac. 540), and, of course, that decision is not an authority one way or the other. The cases cited by the appellant, holding that the negligence of the mother will be imputed to the father, are all, we believe, from states where the doctrine of imputed negligence, in one form or another, existed at the time the decisions cited were made: *Higgins* v. *Deeney*, 78 Cal. 578 (21 Pac. 428);

*Toledo, etc. R. Co.* v. *Grable,* 88 Ill. 443; *Toner's Adm'r* v. *South Covington St. R. Co.* 109 Ky. 41 (58 S. W. 439); *Grant* v. *Fitchburg,* 160 Mass. 16 (35 N. E. 84, 39 Am. St. Rep. 449); *Power's Adm'r* v. *Quincy, etc. R. Co.* 163 Mass. 5 (39 N. E. 345); *Gunderson* v. *Northwestern Elev. Co.* 47 Minn. 161 (49 N. W. 694); *Ihl* v. *Forty-Second St. R. Co.* 47 N. Y. 317 (7 Am. Rep. 450).

2. It is unimportant, we take it, whether, as an academic question, the courts can properly hold that an infant child of any given age is, as a matter of law, *non sui juris,* or whether that question is always one of fact. There has been a time in the life of every person of mature judgment, as all agree, when he was incapable of exercising the care and judgment necessary to avoid or avert danger, and was *non sui juris.* There is a time, also, when he is, in law, an adult, and responsible as such. Between these two periods is a transition stage, during which his capacity is a matter of fact for the jury : *Dubiver* v. *City Ry. Co.* 44 Or. 227 (74 Pac. 915, 75 Pac. 693). What age is sufficient to constitute a child *sui juris* is a difficult question, and has been a fruitful source of controversy in the courts, and no definite or fixed age has ever, so far as we are advised, been agreed upon. Unless the child is of very tender years, the question is ordinarily left to the jury to determine the measure of care required by that particular child under the circumstances of the case: 1 Thompson, Negligence, § 313. But whatever the rule may be, no one will, we apprehend, contend that a child of the age of plaintiff's intestate — four and one half years — has reached such a degree of judgment, intelligence, or discretion as to be deemed capable of negligence in playing on a pile of lumber or timber left in the public street near his home. The court therefore properly so declared to the jury, even if the question is one of fact: *State* v. *Morey,* 25 Or. 244 (35 Pac. 655, 36 Pac. 573). And if it was one of law, there

was no error in the instruction as given.   There are abundant cases holding that children under five years of age are *non sui juris*, and incapable of negligence, as a matter of law : Beach, Contrib. Neg. § 117; 1 Thompson, Negligence, § 310; *Bay Shore R. Co.* v. *Harris*, 67 Ala. 6; *Chicago & A. R. Co.* v. *Gregory*, 58 Ill. 226; *Schnur* v. *Citizens' Trac. Co.* 153 Pa. 29 (25 Atl. 650, 34 Am. St. Rep. 680); *Evers* v. *Philadelphia Trac. Co.* 176 Pa. 376 (35 Atl. 140, 53 Am. St. Rep. 674); *Hoon* v. *Beaver Valley Trac. Co.* 204 Pa. 369 (54 Atl. 270).

3. The law is that where one contracts with another to do work which may be done in a lawful manner, and has no choice in the selection of the workmen, and no control over the manner of doing the work, except as to the result to be obtained, he will not, as a general rule, be liable for the negligence of the contractor or his servants, because the doctrine *respondeat superior* will not apply : 2 Dillon, Munic. Corp. (4 ed.) § 1028; *Blumb* v. *City of Kansas*, 84 Mo. 112 (54 Am. Rep. 87); *Long* v. *Moon*, 107 Mo. 334 (17 S. W. 810); *Bibb's Adm'r* v. *Norfolk & W. R. Co.* 87 Va. 711 (14 S. E. 163).   As we understand the record, however, the liability of an independent contractor was not involved in this case, unless the pile-driving contractor had taken possession of, and was responsible for the condition of, the piles at the time.   The piles belonged to the defendant, and were by his direction placed in the street, where they remained three or four weeks prior to the accident.   Because he paid the teamster at a certain rate per foot for hauling them from the river did not exonerate the defendant from liability for the manner in which the piles were placed in the street, any more than if he had been paid by the day.

4. Nor did the fact that the defendant had previously let the contract to a pile-driving firm to drive the piles make such contractor liable for the injury caused by the

negligent manner in which they were piled in the street, unless the firm was responsible therefor.  Upon this question the court charged the jury, in substance, that if the accident happened from the unsafe condition in which the piles were left on the ground by defendant, and before possession thereof was taken by the pile-driving contractor, the defendant would be responsible, but if the contracting firm had taken the control of the piles, and had negligently put them in an unsafe condition, or if it was responsible for their being in such a condition, it, and not the defendant, would be liable for the accident.  This is all the defendant could ask or expect.  The court submitted to the jury as a question of fact whether the negligence of the defendant or that of the contractor was the proximate cause of the injury.

5. The photographs offered and admitted in evidence on behalf of the plaintiff were taken on the day following the accident.  The testimony shows that they were exact reproductions of the premises as they were before the accident, with the exception of the logs or piling, which had been rolled down by some of the employés of the pile-driving contractor.  These photographs were not a true representation of the condition of the piling at the time of the accident, but it was impossible for them to have misled the jury or to have prejudiced the rights of the defendant in any way, and therefore their admission was harmless.

The judgment of the court below will be affirmed.

AFFIRMED.

---

Decided 19 December, 1904; decided on rehearing 19 June, 1905.