402

## HARRIS v. TRAGLIO et al.
### No. L–12731.

District Court, D. Oregon.
Sept. 2, 1938.

E. M. Morton, C. W. Kirk, and William A. Ekwall, all of Portland, Or., for plaintiff.

Maguire, Shields & Morrison, Hugh L. Biggs, Wm. H. Morrison, and Donald K. Grant, all of Portland, Or., for defendants.

McCOLLOCH, District Judge.

While motoring through Oregon in the summer of 1936, C. S. Harris and Evelyn R. Harris, husband and wife, citizens and residents of California, were injured in an automobile accident. The husband's injuries were minor, also those of Harris's son, who was driving the Harris car at the time of the accident. Mrs. Harris was seriously injured. The jury found for the defendants in the husband's case, but returned a verdict for Mrs. Harris in the amount of $11,409.91. Defendants pleaded contributory negligence in both cases, but the defense of contributory negligence was not submitted to the jury in the wife's case, for reasons that will later appear.

It is defendants' position that if the defense of contributory negligence had been submitted in the wife's case, the jury would have found for defendants, as they did in the husband's case. Defendants have moved for a new trial, mainly on this ground. The legal questions for decision arise under the California community property statutes and the California decisions, as well as the applicable negligence law of Oregon.

### Further of the Facts.

The Harris automobile collided with a truck, which was being operated on defendants' business. Plaintiffs claimed that the truck turned in front of their car, without proper signal or warning. The father was riding in the front seat at the time of the accident. Mrs. Harris was riding in the rear seat. As the family proceeded north through California and Oregon, the son and father had alternated in driving, and the son had taken the wheel not long before the accident.

The car had been bought by Mr. Harris in California, in his own name, and was being paid for on contract.

### The Pleadings.

In both cases, after denying negligence on their own part, defendants pleaded the contributory negligence of the parents by the son, as their agent.[1] Both answers restated the California residence of the plaintiffs and alleged that the automobile was the community property of the husband and wife. California is a community property state, Oregon is not.[2]

Defendants moved to strike all reference to the wife and to the community

---

[1] In support of their motion to consolidate the cases for trial, counsel for defendants filed an affidavit averring that the issues in both cases were identical.

[2] Both sides seem to agree, for the purposes of this case, that the community ownership of the Harris automobile followed the parties into Oregon, although the plaintiffs' attorneys, in their zeal to cast out the community property law and all of its works from Oregon, might challenge this statement.

ownership of the automobile from the answer in the husband's case, and all reference in the wife's case to the husband and to the community ownership of the automobile.

The motions to strike were argued before my colleague, Judge James Alger Fee and briefs were filed.

In normal order, the first brief was filed by plaintiffs' attorneys. From plaintiffs' brief it appeared that defendants' attorneys had taken the position in preceding oral argument that the community ownership in the car charged both wife and husband with responsibility for the acts of their son, as their agent.

In answer to this contention, which defendants had made, plaintiffs' brief pointed out that the statutes of California give the husband exclusive control and disposition of community property,[3] and that the California courts have said that the wife's interest in community property is contin-

gent and a mere expectancy. McComb v. Spangler, 71 Cal. 418, 422, 12 P. 347.

Clearly, plaintiffs argued, agency could not be charged to the mother, growing out of her son's operation of the car, when she had no control of the car.[4]

Plaintiffs' brief contained this paragraph: "A careful examination of the California cases fails to furnish a single instance in which the imputation of the husband's negligence to the wife is placed upon the ground of the community ownership of the vehicle in which they were riding. *On the contrary, all of the cases examined turned upon the ownership of the proceeds of the cause of action for the wife's injury.*" (My italics.)

My colleague denied the motions to strike, reserving, however, decision on the legal questions involved, until the trial.

Defendants' Position at the Trial.

The case came to me for trial, and at the proper time the attorneys for defend-

---

[3] The California statutes:

"The respective interests of the husband and wife in community property during continuance of the marriage relation are present, existing and equal interests under the management and control of the husband as is provided in sections 172 and 172a of the Civil Code. This section shall be construed as defining the respective interests and rights of husband and wife in community property." Civ.Code Cal. Sec. 161a.

"All property of the wife, owned by her before marriage, and that acquired afterwards by gift, bequest, devise, or descent, with the rents, issues and profits thereof, is her separate property. The wife may, without the consent of the husband, convey her separate property." Civ.Code Cal. Sec. 162.

"All property owned by the husband before marriage, and that acquired afterwards by gift, bequest, devise, or descent, with the rents, issues and profits thereof, is his separate property." Civ.Code Cal. Sec. 163.

"All other property acquired after marriage by either husband or wife, or both, including real property situated in this state, and personal property wherever situated, heretofore or hereafter acquired while domiciled elsewhere, which would not have been the separate property of either if acquired while domiciled in this state is community property * * *." Civ.Code Cal. Sec. 164.

"Management of community personal property. The husband has the management and control of the community per-

sonal property, with like absolute power of disposition, other than testamentary, as he has of his separate estate * * *." Civ.Code Cal. Sec. 172.

"Management of community real property. Limitation of actions. The husband has the management and control of the community real property, but the wife, either personally or by duly authorized agent, must join with him in executing any instrument by which such community real property or any interest therein is leased for a longer period than one year, or is sold, conveyed, or encumbered * * *." Civ.Code Cal. Sec. 172a.

[4] It is settled law in Oregon, and has been conceded by the parties throughout, that the marital relationship alone does not make the husband the agent of the wife, so as to charge her with the husband's contributory negligence. Marshall v. Olson, 102 Or. 502, 511, 202 P. 736.

Plaintiff's attorneys conceded that the facts in this case made the son the father's agent. They disputed, however, that the son had been guilty of contributory negligence.

Both parties agreed that the law of Oregon determines the substantive liability arising from an accident occurring in Oregon, including the proper application of the doctrines of contributory negligence and imputed negligence. 11 Am. Jur. 490 Sec. 182; 12 C.J. 452, and see notes in 32 A.L.R. 796 and 50 Harv.L. Rev. 1168. See, also, Restatement of Conflict of Laws, Sec. 385.

ants requested that the jury be instructed to consider the son's contributory negligence in the mother's case, as well as in the case of the father. Such study of the briefs previously filed, as I had been able to make during the trial, left me uncertain as to the exact position of the defendants. Some comment was made that they had changed their position: that defendants' earlier view, as pleaded in their answers, and as presented in oral argument before Judge Fee, was based on the community ownership of the *car,* which, defendants had contended, made the son the agent of both parties; whereas the community interest in the wife's *cause of action,* and the proceeds thereof, provided the basis of the argument before me in support of the requested instruction on contributory negligence in the wife's case.

The argument before me ran that, in the father's case, the father should be charged with the contributory negligence of his son because, under the California community property law, the father had sole control of the *car,* therefore, when he placed the son at the wheel, he became charged with the legal consequences of the son's manner of driving.

As to Mrs. Harris's claim for damages, the argument was that she should not be permitted to recover because, under the California decisions, her husband had the sole control and disposition of her *cause of action* and the proceeds thereof, and since Mr. Harris had been contributorily negligent, through his son and agent, to permit Mrs. Harris to recover would violate the canon that a person should not be allowed to profit by his own wrong. Therefore, the husband's contributory negligence (by his agent) should be imputed to his wife.

The early leading California case of McFadden et ux. v. Santa Ana, O. & T. St. Ry. Co., 1891, 87 Cal. 464, 25 P. 681, 11 L.R.A. 252, was cited in support of the position that the husband's negligence should be imputed to his wife,[5] and it was contended that the Oregon decisions of Hedin v. Railway Co., 1894, 26 Or. 155, 37 P. 540, and Macdonald v. O'Reilly, 1904, 45

Or. 589, 590, 78 P. 753, established the same doctrine for Oregon.

The legal propositions thus urged at the trial have now been renewed, and briefs, both scholarly and exhaustive, have been filed by defendants. To these I have given fullest consideration.

## The Defense Now Urged is Not the Defense Pleaded.

I am impelled to the conclusion that the defense which is now urged is not the defense that was pleaded. That Mrs. Harris's son was her agent, and that his contributory negligence was her contributory negligence, was pleaded. That Mr. Harris's contributory negligence (through his son as his agent), should be imputed to Mrs. Harris, for reasons of public policy, growing out of Mr. Harris's control of his wife's cause of action and the proceeds thereof, is the defense now urged. These are not the same.

The defense that Mrs. Harris's son was her agent in driving the car, and that the son's contributory negligence should be charged to Mrs. Harris, which was pleaded in the answer, was not a good defense, for the plain reason that the wife had no control of the car, by virtue of the management sections of the California community property law. Note 3 supra.

Defendants' attorneys no doubt had their own reasons for not desiring to amend their answer to include the defense of imputed negligence, based on considerations of public policy, and arising from the husband's control of the wife's cause of action. Had they so amended, a different situation would be presented, but as matters now stand, it is clear to me that I cannot, after verdict, stretch the defense of the *son's* agency, as pleaded, based on the mother's community interest in the *automobile,* to a defense of imputed negligence, based on considerations of public policy, growing out of the *husband's* interest in the wife's *cause of action.*

For these reasons, the motion for new trial is over-ruled,[6] but before closing I must say that I greatly doubt whether the Oregon cases of Hedin v. Railway Co. and

---

[5] The California courts have consistently held this: Inter alia, Lamb v. Harbaugh, 105 Cal. 680, 39 P. 56; Basler v. Sacramento Gas & Electric Co., 1913, 158 Cal. 514, 518, 111 P. 530, Ann.Cas. 1912A, 642; Dunbar v. San Francisco-

Oakland Terminal Ry., 54 Cal.App. 15, 201 P. 330, 332; Solko v. Jones, 117 Cal.App. 372, 3 P.2d 1028.

[6] Certain other grounds were urged for a new trial, but they have not been pressed.

*Macdonald v. O'Reilly, supra,* establish the doctrine of imputed negligence for Oregon, to the extent claimed by defendants.[7]

The opinion in Macdonald v. O'Reilly, *supra,* was written by R. S. Bean, then, and for many years thereafter, a member of the Oregon Supreme Court, later, for many years, a Judge of this Court. Not only was Judge Bean's legal learning prodigious, but he had, as well, a special gift of clear expression, and I find no friendliness toward the doctrine of imputed negligence in his opinion in the Macdonald-O'Reilly Case. The case went off on construction of the Oregon statutes imposing equal responsibility on parents for the care of their children, and the case is not, in my opinion, to be accepted as authority for the doctrine of imputed negligence.[8]

Since I am disposing of this case on other grounds, decision must await another time as to whether a married woman, domiciled in a community property state, where the husband has by law the sole control of the community property, can be charged with her husband's negligence occurring (through his agent) in Oregon.[9]

---

[7] Hedin v. Railway Co., 1894, 26 Or. 155, 37 P. 540, was an action by a father for the loss of services of his three and a half year old daughter who was injured by a street car, and for the expense of hospital and medical attention. The accident occurred while the child was returning home from a vacant block where she and her sister and two brothers had been sent to play by their mother. The street car company sought to defend on the ground that the father was contributorily negligent in that (it was contended) the injured child had been allowed to go onto the public street unattended.

In Macdonald v. O'Reilly, 1904, 45 Or. 589, 590, 78 P. 753, opinion by Judge R. S. Bean, an infant four and a half years old had been killed by the fall of some timbers that had been piled in a street. It was sought to impute the mother's contributory negligence, if any, in allowing the child to play in the street, to the father. The father sued in this case as the administrator of the deceased infant's estate.

[8] Controlled by Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. —, 114 A.L.R. 1487, we apply the law of negligence, as laid down by the Oregon Supreme Court, to an accident occurring in Oregon.

Where the declarations of the highest court of a state are not clear on a question, the endeavor of the Federal Courts must be to anticipate what the holding of the state court will be. Sampson v. Welch, D.C., 23 F.Supp. 271, on page 277 of the opinion, decided April 30, 1938.

[9] In Bosma v. Harder, 94 Or. 219, 227, 185 P. 741, 744 the Supreme Court of Oregon said: "The whole theory of the Oregon system of jurisprudence is adverse to community property. It is entirely in favor of the separate property of husband and wife."

The Oregon Married Women's Acts, which, according to the Oregon Supreme Court's view (Bosma v. Harder) give married women in this state greater freedom than married women have in community property states, are to be found in Oregon Code 1930, Secs. 33-201 to 33-215.

Sec. 33-215, enacted in 1880, entitled "Wife's civil disabilities removed", gives a married woman injured in Oregon, the right to sue in her own name, in the following terms: "All laws which impose or recognize civil disabilities upon a wife which are not imposed or recognized as existing as to the husband are hereby repealed; provided, that this act shall not confer the right to vote or hold office upon the wife, except as is otherwise provided by law; and for any unjust usurpation of her property or natural rights she shall have the same right to appeal in her own name alone to the courts of law or equity for redress that the husband has."

See Kosciolek v. Portland Ry., L. & P. Co., 81 Or. 517, at page 522, 160 P. 132, discussing this section.

Much of the argument in the able briefs, deals with the situs to be given a cause of action acquired by a married woman domiciled with her husband in a community state, while driving in a separate property state. Defendants' attorneys cite Williams v. Pope Mfg. Company, 52 La.Ann. 1417, 27 So. 851, 50 L.R.A. 816, 78 Am.St.Rep. 390, as the only case they have been able to find which squarely holds that the situs of a chose, thus acquired, is the state of the domicile. Plaintiff's attorneys deny that this is the proper interpretation of the decision.

Plaintiff's attorneys seek to distinguish the tax cases, such as Beidler v. S. C. Tax Commission, 282 U.S. 1, 51 S.Ct. 54, 75 L.Ed. 131; Blodgett v. Silberman, 277 U.S. 1, 48 S.Ct. 410, 72 L.Ed. 749; Farmers' Loan & Trust Co. v. Minn., 280 U.S. 204, 50 S.Ct. 98, 74 L.Ed. 371, 65 A.L.R. 1000, and many other tax cases cited by defendants, which hold that the situs of intangibles is, for tax purposes,

The heavy tourist travel to Oregon, attracted by the matchless scenery and incomparable climate of the state, coupled with the state's system of modern highways, makes the question a very practical one, one certain to recur, it would seem, at an early date.[10]

the domicile of the owner, on the ground that it is necessary to invoke an arbitrary legal fiction in these cases to bring about just taxation.

Plaintiff's attorneys contend that a chose in action has that situs which its owner wishes to give it. They claim that such is the correct interpretation of Williams v. Pope Mfg. Co., supra, and of Texas & Pac. R. Co. v. Humble, 181 U.S. 57, 21 S.Ct. 526, 45 L.Ed. 747. Defendants challenge this interpretation of the cases.

A recent writer (21 Cal.Law Rev. 221, 235) has this to say: "As to choses in action, the rule that marital interests are determined by the domiciliary law, is almost a practical necessity. The necessity is well nigh absolute, where the chose in action does not take the form of a specialty instrument; in such cases it is impossible to find a situs of the chose in action except by artificially saying that it is at the domicile of either the debtor or creditor. It is much more understandable and consistent with reality, simply to say that the law of the domicile controls marital rights in the chose in action."

Should the question presented in this case again arise, it seems that the contention may well be made that the Oregon Married Women's Acts in giving an uncontrolled right of action to a woman for infringement of her rights, on equal basis with men, intended to put the control of the cause, including the proceeds, entirely in the woman plaintiff's hands, regardless of the law of her domicile. In short, that ownership of the cause and of the proceeds inheres in the grant of the unrestrained right to sue. This argument would have peculiar strength, in view of the strong expression of the Oregon Supreme Court in Bosma v. Harder, supra, of hostility to the community property system.

By statute enacted April 27, 1913, Civ. Code, § 171a, California relaxed the husband's control of the wife's cause of action to the extent of permitting the wife to sue in her own name. In this connection, compare the language of the 1927 amendment (Civ.Code Cal. § 161a). Note 3 supra.

See the recent comment on the 1927 amendment by District Judge Ralph Jenney in Sampson v. Welch, supra. This opinion exemplifies the known scholarship of the author. The opinion is written with great literary charm.

[10] About two hundred thousand out-of-state cars a year enter Oregon. Most of these are from the three adjoining community property states, California, Washington and Idaho.